WILLIAMS *v.* Cox and others.

A widow is entitled to dower in rents of lands leased by her husband, notwith-
standing she executed a release to the lessee of her dower right. Such re-
lease only has the effect of a confirmation of the tenant's estate, and is not
an abandonment of her dower as between herself and her husband's heirs.

An assessment upon a testator's realty must be borne by the heirs. The
widow can only be required to bear a third of the interest of the capital of
the assessment on the lots assigned to her for dower, at seven per cent., to
commence from the confirmation, or, if not confirmed till after the hus-
band's death, then from such death.

*Dec.* 5,
1837.

*Dower.*
*Assess-*
*ment.*

BILL for dower, filed by the complainant Eliza B. Williams,
as the widow of Cornelius Tiebout Williams, deceased.

The complainant's late husband had granted leases of parts
of his real estate, with renewals, to Mr. Samuel B. Ruggles ;
and, by a subsequent instrument, the complainant, as his wife,
released and quit-claimed unto the said Samuel B. Ruggles,
his executors, administrators and assigns, all estate, interest
and dower which she had or might have in the premises so
leased ; with *habendum* to the said Samuel B. Ruggles, free
and clear from any claim of dower therein so long as he, the
said Samuel B. Ruggles, his executors, administrators or as-
signs should pay rent and observe the covenants and condi-
tions of the leases. There was a recital in this release, stating
that she was willing and desirous to assure to the said Samuel
B. Ruggles, his executors, administrators and assigns, the
benefit of the said leases and covenants of renewal therein
contained, free of her right and claim of dower.

There were two principal questions for the court : 1st, as
to the complainant's right to dower out of the rents of said
leasehold premises, notwithstanding her instrument of re-
lease ; and 2nd, as to the effect of assessments upon her
dower, as connected with (other) real estate.

The matter came up on bill and answers.

Mr. *D. Lord, Jr.*, for the complainant; who cited, on the
first point : Co. Litt. 32, a ; Cruise, Tit. VI. Dower, ch. 2,

§ 8; 1 Roper's Husband and Wife, 367; Chambers, 62; and on the second point: 3 Powell on Mort. by Rand. 923; *Banks* v. *Sutton*, 2 P. Wms. 716; *Shrewsbury* v. *Shrewsbury*, 2 B. C. C. 120; *Tracy* v. *Hereford*, Ib. note; 1 Story, 464, § 487.

1837.

WILLIAMS
*v.*
COX.

Mr. *William Betts*, Mr. *R. L. Schieffelin* and Mr. *J. R. Broadhead*, for several of the heirs at law.

THE VICE-CHANCELLOR :—The first question is, upon the effect of the release executed by the complainant? I consider she executed it to quiet the possession of the lessee and his assigns against her possessory right to dower in the leasehold premises during the term. If it had not been for this release, the wife would have been entitled to call upon the lessee to put her in possession of one third of the premises; and, if refused, she could have recovered it by ejectment. This was no doubt foreseen by Mr. Ruggles. It was rightly put by the counsel for the complainant that the release to Ruggles was merely a confirmation of his estate and a further assurance, and had no reference to an abandonment of dower as between the widow and the heirs. She is entitled, therefore, to dower in the rents of these lands.

*August* 13.

Then, as to the assessments. These relate to a matter which benefits the fee; and are to be borne by the heirs. The complainant is not to be chargeable with them. She must, however, bear one third of the interest of the capital of the assessment on the lots assigned to her for dower at seven per cent., which is to commence from the time the assessments were confirmed and became a charge, provided this was subsequent to the death of her husband—and if not, then from his death.

There must be a decree declaratory of the complainant's rights, and a reference to a master to assign her dower in the rents and to take and state an account between her and the heirs. The question of costs and all further directions are reserved, until the coming in of the report.