NEW-YORK,
May, 1838.

HART *vs.* VOSE.

Hart
v.
Vose.

A right to flow the lands of another, founded upon an exclusive and uninter-
rupted enjoyment for 20 years, cannot be acquired, unless the enjoy-
ment be adverse; the uninterrupted possession prima facie is evidence that
it is adverse, but such conclusion may be rebutted by proof that it was
commenced and continued without claim of right.

The charge to a jury that the defendant was entitled to their verdict if they
should find that he had been 'permitted to enjoy the easement for twenty
years is the subject of exception, although the court were not requested by the
plaintiff to instruct the jury that to justify such verdict, such enjoyment must
have been adverse especially where it had been refused to the plaintiff to
inquire as to the origin and character of the enjoyment.

ERROR from the Tioga common pleas. Hart sued Vose,
in an action on the case for overflowing his lands with water
by means of a mill dam. One Thompson, the grantor of the
defendant, and a witness for him, testified that the first dam
was built by him more than twenty years before suit brought.
On his cross-examination the plaintiff's counsel offered to
prove by Thompson that at the time when he built his first
dam he had not obtained *any right* to flow the land from the
then owner of the premises now belonging to the plaintiff;
had not obtained such right since, and *had never claimed a
right* to flow the premises in question : which evidence was
objected to by the defendant's counsel and the objection
sustained by the court. On his further cross-examination
he testified that he did not claim the right to flow the land,
but supposed he had the right to raise the water as he did,
as he thought he did no damage. The court charged the
jury that they should find a verdict for the plaintiff *unless*
they believed from the evidence that the defendant, and
those under whom he claimed *had been permitted* to pos-
sess and enjoy the exclusive use of the water at its present
height, overflowing the plaintiff's land with his mill pond for
20 years before the commencement of the suit, in which
case such enjoyment was a good bar to the plaintiff's claim.
The jury found for the defendant. The plaintiff having ex-
cepted to the decisions and charge of the court sued out a writ
of error. The cause was submitted on written arguments.

NEW-YORK,
May, 1838.

Hart
v.
Vose.

*T. Farrington,* for the plaintiff in error.

*S. Story & J. J. Taylor,* for the defendant in error.

*By the Court,* COWEN, J.  The court below erred.  The
enjoyment and exercise of this and the like easements must
be *adverse,* in the exact sense that the possession of land must
be so to warrant the application of the statute of limitations in
ejectment.  This we held in *Colvin* v. *Burnett,* 17 Wend. 564.

The simple proof of an exclusive and uninterrupted en-
joyment is *prima facie* evidence of its being adverse ; but
it may be under no claim of right, but by mere courtesy or
on temporary permission, or even under a demise from the
plaintiff.  The proposed proof tended to rebut the inference
of an adverse holding.

It is indeed true that on the plaintiff resuming the cross-
examination, the witness answered that he did claim no
right in any other way than that he thought he had a right,
because he did no damage.  This is claimed to have been
a waiver of the exception, and indeed it does come near to
all the plaintiff could probably have got by his proposed
questions ; *non constat* however, that he was allowed to
propound them, as he had proposed.  The answers might
have been strengthened had the counsel been allowed to
inquire into the *right itself,* in connection with the *claim of
right.*  When the court came to charge the jury, the ques-
tion whether the holding was adverse, or intended as merely
in subordination to the plaintiff's rights, was not mentioned.
It may be said that it was not fairly raised.  But this may
be for the very reason that the questions proposed were
withheld.  To make out a waiver, it should be clear, and
not leave us in doubt, whether the party was not pre-
judiced.  The cause should be tried on the principle that to
protect himself, the defendant is bound to show an adverse
enjoyment; a claim of right; no matter on what reason,
whether as having a title, or under a belief that his right was
a negative one, arising from a clear conviction that he could
hurt nobody ; but it must be adverse ; and the plaintiff ought
not to be prevented from addressing all proper questions to

the witness, especially on cross-examination, as those were which he proposed.

The judgment is reversed, a venire de novo to go from the court below; the costs to abide the event.