# SUPREME COURT.

.Catharine Fleet agt. Jane A. Dorland and others.

The statute requires that, to warrant a *partition*, the application be made "by one or more of *such* persons" as shall "*hold and be in possession* of any lands as joint tenants, or tenants in common."

Now, where parties claim reversionary interests in premises, which are in *possession* of another—a tenant, and subject to his life estate, they cannot bring a suit for *partition*—not having any possession either actually or constructively.

And where, in such case, there are *infant* defendants, the *court* is bound to notice the objection, whether taken or not.

The court has no authority, in a partition suit, to order a *sale* of the premises, "unless the court shall be satisfied that they are so situated that a partition thereof cannot be made without great prejudice to the owners."

*It seems*, that arrears of *taxes* and *assessments* furnish no ground for ordering a sale or partition of the premises.

Where there is an outstanding *life estate* in the premises, it is chargeable with the whole of the annual *taxes*, and with "a just and equitable apportionment" of the assessments for local improvements according to its probable duration.

And the act of 1841 makes provision (by bill) for enforcing the payment of taxes and assessments, if the parties will not voluntarily contribute their shares.

*New-York Special Term, January,* 1854.
Application for partition, &c.

—— ——— *for motion.*
—— ——— *opposed.*

Roosevelt, Justice. The plaintiff is the reversionary owner of only one-third, while the defendants represent two-thirds of the premises, said to be held in common. She asks a sale, to divide the proceeds—they a reference, to divide the land. She insists that a sale is best for the interests of the defendants; the defendants rejoin that they themselves are the best judges of their own interests.

Fleet agt. Dorland and others.

Under these circumstances, as there is no serious difficulty, at the proper time, in effecting an actual partition of the premises in question, to make the decree of sale asked for by the plaintiff would be, as I conceive, an arbitrary interference with the rights of property—compelling owners, under color of a partition, to sell their land against their will, and turning real into personal estate, to the great hazard of minors, and to the injury of those who, in case of death, would be their heirs.   It would be exercising a power inconsistent with the spirit of the constitution, and inconsistent with both the spirit and letter of the statute. The court has no authority in a partition suit (2 *R. S.* 323) to order a sale of the premises, " unless the court shall be satisfied that they are so situated that a partition thereof cannot be made without great prejudice to the owners." (*Tucker* agt. *Tucker*, 19 *Wend.* 226.)

Now, the land in the present suit consists of a large number of vacant lots, lying between Fifty-fourth and Fifty-fifth streets, and Broadway and the Eighth avenue, in this city, composing nearly the whole block, and of a small gore on the south side of Fifty-fourth street.

It is perfectly obvious, that such a plat, so far as its formation is concerned, can be divided into three equal shares, not only without "great," but without the slightest " prejudice " to any of the owners.

But it is said there are large arrears of taxes and assessments. It may be doubted, I think, whether that is a consideration which, in any case, can lawfully influence the judgment of the court; in other words, whether, without doing great violence to language, it can be said to be an element in the "situation " of the premises.   Waiving, however, that view of the meaning of the statute, where is the difficulty in apportioning these liens, if not already done ?   And if either party, after such apportionment, wishes to do so, can he not, by mortgage, raise the requisite sum to discharge his separate share ?   The plaintiff is an adult, and needs no interference of the court in that aspect.   The same may be said of Mrs. Dorland.   And

as to Miss Horn, the infant, who will soon be of age, her guardian is the proper person to attend to her interests. He, as he has a right to do, repudiates the advice and solicitude of the plaintiff, however well meant, on behalf of his ward. He, and not the plaintiff, is responsible for the guardianship; and it will be for him, in the exercise of an honest discretion, to determine, in the first instance, how his ward's share of the taxes and assessments is to be raised.

From the papers, it appears that there is an outstanding life estate in the whole premises. That estate, therefore, is chargeable with the whole of the annual taxes, and with "a just and equitable apportionment" of the assessments for local improvements, according to the probable duration of Mrs. Cozine's life. And the court, according to the principle of the act of the 26th of May, 1841, is bound to enforce such apportionment—and the more so, as there is a homestead on the premises, of which the life-tenant has the sole occupancy.

Nor is this the only difficulty arising from the life estate of Mrs. Cozine. So long as she lives, she, and she only, in the language of the statute, "holds, and is in possession of the premises." How, then, can any partition be had? She is not a joint tenant, or a tenant in common with any person; and the other parties, although jointly interested in respect of each other, are not tenants in common in possession. The statute is positive, that to warrant a partition, the application must be made "by one or more of *such* persons" as shall "*hold and be in possession* of any lands as joint tenants, or tenants in common."

Now, the plaintiff in this case is not only not in possession, either actually or constructively, but has no right even to possession, and will have none till the death of the life-tenant. The suit, therefore, is premature. And the court, on behalf of the infant defendant, whether taken or not, is bound by law to notice the objection. (*Burhans* agt. *Burhans*, 2 *Barb*. *Ch*. *R*. 398; *Brownell* agt. *Brownell*, 19 *Wend*. 365.)

The objection goes to the very jurisdiction of the court, and

strikes at the foundation of the proceeding. The purpose of a partition is the severance of a joint possession. How, then, in the nature of things, to say nothing of the words of the statute, can there be a partition where there is no possession—and even no "present estate"? (Ch'r WALWORTH, *supra*.)

As to the taxes and assessments, if the parties will not voluntarily contribute their shares, the act of 1841 makes provision for the case, and authorizes a bill to be filed by any person interested in the estate to compel a just and equitable apportionment; to extend, if necessary, the period of redemption; to order a sale of any part or parts, in fee, to pay the tax or assessment, or to effect the redemption; and to adjust all the equities of the parties according to their estates and interests, whether present or future, "in possession, reversion, or remainder."

On such a bill, all that is at present necessary or proper to be done, in regard to this property, can be accomplished with great ease and dispatch, and at a comparatively trifling expense. I feel the less reluctance, therefore, in dismissing, as I am constrained to do, the plaintiff's application for a partition or sale of the entire premises.

Complaint dismissed with costs, but without prejudice.