JOSEPH McGLONE v. MARY ANN GOODWIN AND OTHERS.

Since the passage of the act of 1847 (Laws of 1847, chap. 430), a tenant in common of a vested remainder in real estate may institute an action for the partition of the estate, notwithstanding there is a tenant for life of the whole estate in possession.

The Court of Common Pleas has jurisdiction of an action for the partition of real estate.

SPECIAL TERM, *December*, 1869.

MOTION for judgment on a demurrer to the complaint. The action was brought for the partition of real property. The defendant Mary Ann Goodwin was the owner of a life estate in the premises sought to be partitioned, and was in the actual possession thereof. The defendant James Goodwin was seized of an undivided five-sixths part of said premises in fee, subject to the life estate of Mary Ann Goodwin. And the defendants James Walsh and the plaintiff were each seized of an undivided one-twelfth part in the premises in fee, subject to the same life estate.

*Stephen J. Colahan*, for the motion, relied on *Blakeley* v. *Calder* (15 N. Y. 617).

*S. B. Noble*, opposed, cited *Fleet* v. *Dorland* (11 How. Pr. 489).

BRADY, J.—I consider the opinion of Chief Justice Denio in *Blakeley* v. *Calder* (15 N. Y. 623), in which Comstock, Selden, and Paige, J. J., concurred, entitled to a controlling influence on the question presented in this case. It is quite clear, whatever may have been the views entertained prior thereto, that the act of 1847, alluded to in the opinion, declared in effect that a partition may be made where there exists a tenancy for life to the whole estate, and provides, as well, that the commissioners shall allot to such tenant his share thereof without reference to the duration of such estate, and make partition of such share and allot the same to the parties respectively, who shall be entitled to the remainder thereof, according to their respective rights therein whenever in the opinion of the commissioners it can be done without prejudice to the rights of the parties (Laws 1847, ch. 430, § 5). It is true, as suggested by Justice Denio, that if the estate cannot be partitioned among the remaindermen so that a sale must take place, the court must consider and determine whether, under all the circumstances of the case, the life estate shall be excluded from the sale, and the remainder alone sold, or whether the whole life estate and remainder shall be sold. It is not necessary, however, to pursue this subject further. If the court has jurisdiction of the subject-matter, the demurrer must be overruled—the ultimate judgment to be given not being under consideration at present. This court, as already suggested, may entertain an action of partition although there is a tenant for life of the whole estate, such tenant, as in this case, being made a party to the proceedings. The case of *Fleet* v. *Dorland* (11 How. Pr. 489) is in conflict with the views herein expressed, but that decision rests upon the language of the first section of the Revised Statutes in relation to the partition of lands (2 Rev. Stat. 317, § 1), and the effect of statute of 1847 upon it, does not appear to have been considered by the learned justice who decided that case. When, however, the case of *Blakeley* v. *Calder* was decided at the general term of the Supreme Court (13 How. Pr. 477), the same justice having considered the statute of 1847, declared the converse of his first proposition, and said "an existing admitted

life estate, therefore, although covering the whole premises, does not prevent the remainderman from being deemed in possession within the meaning of the law." In this opinion, Mitchell and Davies, J. J., concurred. The plaintiff is entitled to judgment on the demurrer. The defendants may answer over in twenty days.

Ordered accordingly.