The following special term opinion was rendered:
Curtis, J.
The only question raised by defendant’s demurrer is, whether an indebtedness of five hundred dollars for legal services, in a suit in reference to one of the assets of the trust estate in which the principal sum sought to be recovered with interest was paid before trial, should be paid by the proportional pay- *446 meat of four hundred and forty-nine dollars and sixty-three cents, from the corpus of the trust estate, and the balance from the income thereof, the same being in proportion to the respective amounts of principal of the trust estate and of interest thereon collected.
By reference to the trust deed, it will be seen that, among the powers conferred upon the trustees, there is none that authorizes any payment from the principal of the estate for any expenses incurred in the making or collecting of any investments by the trustees. By the provisions of this trust, the trustees are required to apply the net rents, issues, income and profits of all the trust property to the use of the plaintiff, Virginia W. Burleigh, during her life. This specification of net income to be paid to her seems to clearly imply that all the expenses and disbursements attending the execution of the trust, and the investing and collecting of the trust funds, should be first paid from the income before any part of it is to be paid to her. It also apparently indicates that those persons who succeed to the trust property after her decease shall recover the principal of it unimpaired by reductions from it to meet this class of expenditures.
It is the duty of the court to give effect to the terms of the trust. If the principal of a trust estate thus limited could be reduced by charges and expenses incident to its custody and management, the intentions of the party creating the trust would be made liable to be defeated, and even the interests of the cestui que trust, that it was intended especially to protect, greatly prejudiced.
If it was competent for the court, in its discretion, as a matter of equity, to order that this charge should be paid from the corpus of the trust estate, it does not satisfactorily appear from the complaint that the case is one where the court, in the exercise of this discretion, should so direct.
Douglas Campbell, attorney, and of counsel, for appellant, urged:
I. This action is properly brought as an action to enforce a trust (McCartney v. Bostwick, 32 N. Y. 53; 6 Wait's Practice, 182).
II. The proper parties are before the court (Cunningham v. Pell, 5 Paige, 607; Sherman v. Parish, 53 N. Y. 483).
TTT. The payment of five hundred dollars to the attorney, by the trustees, should be charged proportionably to principal and income.' The principal, seven thousand five hundred dollars, was lost; the security was worthless, it could only be recovered by an action. *448 The services for which the charge was made were not for the recovery of the income, but for the recovery of the principal; and upon no theory should the income be compelled to bear the whole of the burden. This case is, in principle, exactly like the common one of charges upon real estate distributed among life-tenants and remainder-men (Final accounting in estate of W. E. Miller, 1 Tucker, 346 ; Fleet v. Dorland, 11 How. Pr. 489). The learned justice below, in referring to this branch of the argument in his opinion, cites the statute of blew York regarding assessments, &c., upon real estate, as if the doctrine of apportioning such payments were the creation of our statute of May 26, 1841. In fact, the statute was but declaratory of the common law, and only settled the mode of obtaining the contribution, while the doctrine is as old as equity itself. The life-tenant is not bound to pay the principal of any money charged upon the estate ; if he does, he is entitled to contribution (1 Washburn on R. P. 94, &c.). The theory of the contribution is, that the life-tenant has paid the money “to save the estate.” The rule applies to assessments, mortgages, and all charges of a like character (Id. 95). The doctrine is fully expounded by Story in his Equity Jurisprudence, § 483. See also Bradford v. Brownjohn, Law Rep. 8 Chan. App. 711; Cox v. Cox, Law Rep. 8 Equity, 343; Allhusen v. Whittell, Law Rep. 4 Equity, 295. The plaintiffs claim that all the equitable principles controlling the above cases apply, with full force, to the case at bar.
*447 The provisions of the act of May 26,1841, in respect to real estate owned by several persons having estates therein, in possession, reversion or remainder, by which a just and equitable apportionment of taxes and assessments on such real estate may be made among them, is only made operative, by an action commenced for this purpose, bringing the parties before the court, and giving such data as enables the value of the estate of each party to be ascertained, calculating that of the tenant for life, according to the common tables respecting the probabilities of life.
But this remedy does not extend to personal estate, or to charges upon it of the character of that in question ; and if it did, it would be neither just nor equitable to enforce it in contravention of the provisions of the trust; and to apply it in any case, the complaint should furnish some data by which the value of any intervening life estate could be calculated as the primary element in arriving at the adjustment of a contribution, and all the parties whose interests are affected should be brought before the court.
There should be judgment for the defendant upon the demurrer, with the usual leave for the plaintiffs to amend.
*448 (b.) This doctrine prevails as well in trusts regarding personal property (Re Staples’ Settlement, 13 Jurist, 237).
(<?.) The conclusion of the judge below, that the words in the trust deed “net rents, issues, income and profits,” show plainly that such charges as this are to be borne by the income, it is submitted, is erroneous. *449 These words have no bearing upon the question. The law, with reference to which the trust deed was made, decides what is net income. Net income is that which is left of the income after deducting- the charges and expenses legally chargeable to such income. This is the very question at issue in this case, whether the charge is by the law to be borne by the income or principal. The only effect of introducing the word “ net ” into the trust deed is to throw upon the trustees the duty of deciding, before they pay over any income to the eestui que trust, what charges are to be deducted from it, and such charges can only be those which by the law are to be borne by the income; if chargeable to the principal, the income, whether gross or not, has nothing to do with them.
(d.) Upon general principles of justice, the question seems to be very plain. It is to be noticed that this disbursement is nob an ordinary charge “incident to the custody or management” of the trust estate, as it is called by the judge below. When the trust deed was made, this claim against Mr. Bowdoin was in existence. It became part' of the trust estate. The principal of the estate did not consist of seven thousand-five hundred dollars, but of a claim against Mr. Bowdoin for seven thousand five hundred dollars, which could only be realized by a suit, which would cost money to prosecute. According to the theory of the plaintiffs, the mode of stating the account would be a claim against Mr. Bowdoin for seven thousand five hundred dollars—realized after deducting cost of collection, five hundred dollars—and only this latter sum would be carried to principal. The courts have perfectly well settled this question regarding trusts created by wills, &c. Every day litigations arise under wills where the income, as net income, is given to one person, and the remainder to another. If the litigation involves the principal of the estate, and is reasonable, the courts *450 impose the costs on the estate, and they come out of the corpus, not the income. The trustees, as executors, credit the estate with the original amount, less the costs and charges, and then compute income from that. The same is true of ordinary expenses of administration ; they are paid out of the principal, not the income. On both of these questions a late case in Massachusetts is in point (Mandell v. Green, &c. ; Howland v. Green, 108 Mass. 277, 283). Suppose some of the real estate taken by the city for improvement, and an award made, and the trustees pay an attorney to collect the award. Is it possible that the whole amount of the award would be credited to the principal and the income be compelled to pay the expenses ? Ho such thing would be thought of. The expense would be deducted from the award, and the balance would be credited to principal. So the illustrations might be multiplied indefinitely.
IV. The mode of apportionment of' the charge claimed in the complaint is correct. The learned judge below suggests that if the plaintiffs are correct in the former point, the complaint should have given the age of the cestui que trust in order that an apportionment should be made based on the accepted table respecting the probability of life. It is respectfully submitted that this is incorrect. In case of an assessment or mortgage on land paid by a life tenant, such life tenant and the remainder-man contribute in a ratio which will be determined by the age of the life tenant. But that is where one party pays the whole. The life tenant pays a sum which would purchase an annuity equal to the interest from which he is relieved, and he pays it because he is relieved from the interest, and pays a sum in gross, because the whole amount of the charge has to be paid at once, and there is no principal sum from which it can be paid. The remainder-man, being liable for the principal, after the death of the life tenant, in *451 stead of waiting to pay it after such death, pays it down at once, by contributing a sum which, upon the theory of probable life, will be equal to the sum to be paid in the future. The result attained is, that the life tenant contributes the interest, the remainder-man contributes the principal. But in case of a charge upon the principal which consists of money, the case is very different. There is a fund from which the charge can be paid, and by paying it from the fund itself, exact justice is done, the life tenant loses the income, and the remainder-man loses the principal after death of the life tenant. The cases referred to in the third point, of charges, costs, &c., upon the principal, bear out this reasoning. When chargeable to the principal, they are deducted from it, and in that way the burden is equitable apportioned among all parties (Brown v. Brown, 41 N. Y. 515).
Shipman, Barlow, Larocque & Macfarland, attorneys, and Joseph Larocque, of counsel for respondent, urged:
I. There is no analogy between the case at bar and the cases reported in the books, relative to the apportionment between tenants for life, and remainder-men, of charges upon real estate for taxes, assessments, and other like purposes. The rights of the parties to the present litigation depend entirely upon the construction to be given to the agreement in writing, entered into between them, that is to say, the trust deed, of which a copy is annexed to the complaint. A careful examination of that deed will show that the purpose and intention of the parties thereto was to keep together, during the lifetime of the said Virginia, the capital of the trust estate, intact and unimpaired. The trustees are given the most ample authority for the management of the estate, with large discretionary powers. After paying the necessary expenses of administration, the net income only is to be paid to the *452 plaintiff, Virginia, during her life. Upon her decease, the capital of the estate, in the event of her failure to make a will, is to go to her children. The counsel fee in question, which is sought to have charged against the capital of the estate, was one of the usual, ordinary expenses of administration. It makes no difference whether the debt for the collection of which it was paid was in the form of a mortgage or of a promissory note. It was a debt due, which it was the business of the trustees to collect, and which, in pursuance of their duty, they did collect. It could with no more propriety be charged against the capital that could the services of a book-keeper, or the rent of an office. ISTo cause of action is therefore made out by the complaint.
II. Assuming, however, for the sake of argument, that some sort of analogy is to be found between, the case at bar, and the class of cases referred to in the preceding first point, arising between, tenants for life of real estate and remainder-men.; still the complaint does not state facts sufficient to constitute a cause of action. The rule as to apportionment in cases where any apportionment is proper, is that the charge is to be equitably- apportioned according to what may appear to be the relative advantages enuring to the several parties according to the precise circumstances of each case. Let us look for a moment as to what are the relative advantages accruing to the several parties in interest in the case at bar from the collection of the mortgage debt in question. By the terms of the trust deed, the plaintiff, Virginia, is entitled to the net income of the whole estate during the term of her natural life. She would, therefore, be entitled to the interest on the sum of seven thousand five hundred dollars, being the principal of the. mortgage debt in question, annually, for the term of her life, which would be the sum of five hundred and twenty-five dol *453 lars a year. Assuming that her probable life, according to the tables, would be twenty years, the value of her interest in the amount recovered could be readily ascertained. Upon like data, the interest of the children, who will only be entitled to this seven thousand five hundred dollars on their mother’s death, could be also ascertained. Their interest would be the selling price of a principal sum of seven thousand five hundred dollars, to be paid without interest twenty years hence. It will, be readily seen, therefore, that upon such a hypothesis, the advantage to accrue to the plaintiff, Virginia, from the fund, for the collection of which the charge in question was incurred, would be very much greater than any likely to accrue to the children from such collection. The complaint, however, does not state any facts respecting the age of the said Virginia, or other facts necessary to enable the court to say, that the disposition made of the charge in question would not be a proper disposition, assuming that, upon any principle of law, any apportionment could, under any circumstances, be proper. The complaint, in this point of view, therefore, is also fatally defective (1 Story Eq. Jur. §§ 487, 488, [a]).
By the Court.—Speir, J.
The demurrer raises only the question, whether an indebtedness of five hundred dollars for legal services in an action in reference to one of the assets of the trust estate in which the principal sum sought to be recovered with interest was paid before trial, should be paid by the proportional payment of four hundred and forty-nine dollars and sixty-three cents, from the corpus of the trust, estate, and the balance from the income thereof, the same being in proportion to the respective amounts of principal of the trust estate, and of interest -thereon collected.
The trustees have, under the deed, the most ample *454 authority for the management of the estate, with large discretionary powers. The party of the first part, after conveying to the trustees, all and singular the real estate, and all and every title and interest in and to the estate of her father, and also all her personal estate, and claims of every nature and kind, which she holds against all and every person or persons, gives to them, their successors and survivors, power to receive, audit, and settle all claims and demands as to both real and personal estate, and to the income, making full compromises and allowances as to the same as they might think just and discreet.
The trusts are declared to be—First. To apply the net rents, issues, income and profits of all the trust property, to the use of the party of the first part, for, and during her life.
Second. Upon her death to convey the whole trust property as she may direct by will.
Third. If she die without a will, to convey to her children.
Fourth. If she die intestate, and without children, then to convey to such person or persons as by the laws of the State of Hew York, then in force, relating to the descent and distribution of the estate of intestate decedents, would be entitled to receive the property, if the deed of trust had not been executed.
Among the powers conferred upon the trustees there is none authorizing any payments from the principal of the estate, for any expenses incurred in the making or collecting of any investments by the trustees. On the contrary, the trustees are required to apply the net rents, issues, income and profits of all the trust property to the use of the plaintiff during her life.’ The counsel fee paid out as an expense, in the collection of the mortgage debt, was one of the ordinary expenses of administration. They were in duty bound to make the collection, and under the trust they had *455 no authority to charge it against the capital of the estate.
The whole deed, as well as its specific trusts and provisions, clearly manifests a purpose and intention of the parties to maintain the corpus of the estate entire and unimpaired. The mutual rights of the parties are fixed and settled under the trust deed. Wo complicated adjustments are stated in the deed. Virginia Burleigh, the plaintiff, of her own good will, gives her whole estate to trusted agents, to manage and administer during life. It is true that a nominal consideration of one dollar is named in the deed, but after all, the intention of disposing absolutely of the whole body of the estate to others, reserving to herself only the net rents, issues and profits, constitutes the real beneficial consideration. The mere pleasure of doing good to others stands in the place of a cause on the part of the person who receives the benefit and gives nothing. The will of the donor will be sufficient to support a gift against himself: “ Stet pro ratione voluntas ” (1 Fonbl. Equity, ch. 5, § 9). The court will pay that faith and deference to the solemnity of deeds of this character, so as to give full effect to the terms of the trust.
I think the learned counsel has mistaken the principle involved in the determination of this case. There is no analogy between the case at bar and the cases reported in the books, relative to charges upon real estate distributed among life tenants and remainder-men. Here there are none of the common elements of the uncertainties belonging to all calculation of contingencies. There are no charges to be distributed and apportioned among life-tenants and remainder-men. Wor am I able to see the application of the doctrine that the income shall bear all the expenses relating to itself, and that the principal shall bear all extraordinary expenses incurred in saving it from destruction,' or *456 in its improvement, as applied to assessments, mortgages, rents, &c. The duty of the trustees is plainly set forth in the instrument, which of itself contains all the law of their action. No complications have yet arisen since the execution of the deed, which call upon a court of equity to invoke the doctrine of any of the cases referred to.
The judgment appealed from should be affirmed with costs.
Sedgwick, J., concurred.