REYBURN, *Appellant*, v. WALLACE *et al.*

1. **Tax Bills**: STREET IMPROVEMENTS : LIFE TENANT : REMAINDERMAN : CONTRIBUTIONS. Tax bills issued for improving the surface of streets in the city of St. Louis, constituting liens on the property abutting on such streets, must be paid by the life tenant of such property ; he is not entitled to contribution from the remainderman.

2. **Life Tenant**: REMAINDERMAN : IMPROVEMENTS : CONTRIBUTION. The life tenant is only entitled to contributions from the remainderman in cases of assessments for improvements which are permanent in their nature and do not require renewal from time to time.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*S. Herman* and *Valle Reyburn* for appellant.

(1) The life tenant is bound to pay, in so far as the income from the property will enable him to do so, first, all general taxes and rates imposed upon the property for the purposes of government revenue ; and, second, all interest on encumbrances resting on the property. *Johnson v. Smith*, 5 Bush (Ky.) 102 ; *Wade v. Malloy*, 16 Hun (N. Y.) 226 ; *Pierce v. Burroughs*, 58 N. H. 302 ; *Clark v. Middlesworth*, 82 Ind. 240 ; *Newby v. Brownlee*, 23 Fed. Rep. 322 ; *Prettyman v. Walston*, 34 Ill. 192 ; 1 Washb. Real Prop. [3 Ed.] sec. 25, p. 110 ; *Pike v. Wassel*, 94 U. S. 714 ; *Plympton v. Boston*, 106 Mass. 544 ; 1 Leading Cases Am. Law Real Prop. (Sharswood and Budd's notes) 210 ; *Elliott v. Laman*, 7 McArthur, 647 ; *Barnly v. Stevens*, 22 Me. 334. (2) When an encumbrance is to be paid off, or when

Reyburn v. Wallace.

any betterment of the estate becomes necessary, such as expenses incident to the renewal of leases, building of sewers, widening or rebuilding streets ; in short, whenever any expenses become necessary which go to increase the value, not simply of the life estate, but of the *corpus*, then such costs or expenses are to be borne in equitable proportions between the life tenant and the remainderman or reversioner. Bisset on Estates for Life, 40 Law Library, p. 138, side page 246, *et seq.;* Smith's Manual of Equity, 340 ; Leading Cases Am. Law Real Prop., *supra,* 209 and 210 ; *Plympton v. Boston, supra;* Washburne on Real Prop., *supra;* 2 Perry on Trusts, [3 Ed.] p. 104, section 554; *Peck v. Sherwood,* 56 N. Y. 615; *Fleet v. Dorland,* 11 How. [N. Y.] 492 ; *Davies v. Myres,* 13 B. Mon. 511 ; *Gunning v. Carman,* 3 Redf. [N. Y.] 69 ; *Miller's Estate,* 1 Tucker [N. Y.] 346 ; *Gambril v. Gambril,* 3 Md. Ch. 259 ; *Kerney v. Kerney,* 17 N. J. Eq. 59; *Sipes v. Hand,* 1 N. W. Rep. 371 ; *Stillwell v. Dougherty,* 2 Bradf. [N. Y.] 311. (3) The same rule regarding apportionments prevails between the life tenant and the remainderman, when moneys are paid to those interested in the estate, by railroad companies or municipalities, for taking portions of the *corpus* for public uses. Smith's Manual of Equity, *supra;* *Joyner v. Coyners,* 6 Jones [N. C.] Eq. 78; *Plympton v. Boston, supra; Sipes v. Hand, supra.*

*R. A. Bakewell* for respondents.

(1) Permanent improvements, or betterments, may, by a court of equity, upon a proper showing, where all the parties are before the court, and their interests duly represented by counsel, under some circumstances, and where an equitable adjustment can be made, be charged in part, and ratably according to the evidence, to the remainderman. Webster's Dict.; Bouvier Law Dict. "Betterments"; Abbott Law Dict. "Betterments";

*Coggswell v. Coggswell*, 2 Edw. 231 ; Perry on Trusts, sec. 554 ; *Maddox v. Tellison*, 11 Maine, 482 ; *Plympton v. Boston Dispensary*, 106 Mass. 545 ; *Stillwell v· Dougherty*, 2 Bradf. 311. (2) Temporary improvements are a charge upon the life estate only. *Jackson v. Van Hoesen*, 4 Cow. 325 ; s. c., 1 Sherwood's Am. Leading Cases Real Estate, 210 ; *Hitner v. Ege*, 23 Pa. St. 305 ; *Whyte v. Mayor*, 2 Swan, 369. (3) What are temporary, and what are permanent, improvements is for the court. Street pavements are not permanent improvements. *Hitner v. Ege*, 23 Pa. St. 305 ; *Whyte v. Mayor*, 2 Swan, 369.

BLACK, J.—This case is here on an appeal from the judgment of the circuit court sustaining a demurrer to the petition. The petition, which is a bill in equity, in substance, states that Mrs. Reyburn, the wife of the plaintiff, died in 1879, seized of a large real estate situate in St. Louis ; that she left surviving her one child, five years old, and her husband, the plaintiff, who was twenty-eight years of age ; that, by her will, she devised her real estate to her husband for life, in case he should remain unmarried, but in case of his marriage then to her heirs, and if she had no heirs at his death, then to her sisters and their children in case of the death of any of them ; that the property is to a large extent unproductive, and the improvements not adapted to the neighborhood in which they are situated ; that the annual rents received are some fifty-eight hundred dollars, and the repairs, insurance and general taxes reduce this amount to about three thousand dollars. The petition then shows that four of the streets upon which the property abuts have been, and are being, reconstructed by taking up the old pavement, renewing and readjusting the curbing, and paving the roadway with granite blocks laid on a concrete foundation ; and that two other streets have been, and are being, reconstructed

in like manner, save that the roadway is paved with asphalt on concrete foundation. For the work thus done tax bills are issued, which are a lien upon the property abutting upon the street. Plaintiff has paid the tax bills issued, amounting to thirty-seven hundred dollars, and others will be issued to the amount of thirty-five hundred dollars. It is alleged that the property is, and will be, greatly enhanced by the improvements. The plaintiff and his deceased wife, and all other persons having a contingent interest in the property are made defendants. The prayer of the petition is that a portion of the unproductive property be sold to pay the unpaid tax bills, and to refund to plaintiff the amount he has paid in excess of twenty-seven per centum.

The only question is, whether plaintiff, as owner of the life estate, should pay the whole of these taxes, or whether they should be apportioned between him and those entitled to the same in remainder. The tenant for life is bound to pay the interest on incumbrances on the property out of the rents and profits ; but if he pay off the incumbrances it is said that he is, *prima facie*, a creditor of the estate for the amount paid, deducting the interest he would have had to pay as life tenant during his life. 4 Kent, 74 ; 1 Wash. Real Prop. [3 Ed.] 110. He must pay all ordinary taxes, certainly so, if the income is sufficient to enable him to pay them. *Johnson v. Smith*, 5 Bush [Ky.] 102 ; *Cairnes v. Chabert*, 3 Edw. Ch. R. [N. Y.] 312 ; *Pike v. Wassel*, 94 U. S. 714 ; *Varney v. Stevens*, 22 Me. 334 ; *Prettyman v. Walston*, 34 Ill, 192. And generally he must also pay the expenses of managing the estate. *Pierce v. Boroughs*, 58 N. H. 302 ; Perry on Trusts, sec. 554. This author also says : "If, however, an assessment is made against the estate for something in the nature of a permanent improvement or betterment of the whole estate, the assessment may be ratably and equitably divided between the tenant for life and the remainderman,"

citing *Plympton v. Boston Dispensary*, 106 Mass. 546, which was a case of an assessment of benefits for opening a highway in the vicinity of the property. In the case of *Cairnes v. Chabert*, *supra*, it was intimated that this rule, requiring the life tenant to pay the taxes, ought not to apply to those extraordinary taxes levied for municipal improvements and permanently beneficial to the land, known as assessments; and accordingly it has been held in the various courts of the state of New York, that the remainderman must contribute to the payment of assessments for municipal improvements. *Gunning v. Carman*, 3 Redf. 69; *Fleet v. Dorland*, 11 How. Pr. 489; *In re Estate of Miller*, 1 Tuck. 346; *Stillwell v. Doughty*, 2 Brad. 311; *Peck v. Sherwood*, 56 N. Y. 615.

In some of these cases it does not appear what the improvements were. In one the assessment was for a sewer, in another for opening a street, but in the case last cited the assessment was for flagging a sidewalk. The rulings in those cases were probably not controlled by the statute cited in *Fleet v. Dorland*, *supra*, but it is quite likely the statute had an influence upon the result reached. The Supreme Court of Pennsylvania, in *Hitner v. Ege*, 23 Pa. St. 305, held that the cost of a brick sidewalk should be charged to the tenant for life, and not to the remainderman, and on the ground that it was not a permanent improvement; and so a doweress must pay the cost of a foot pavement in front of a lot occupied by her as a residence. *Whyte v. Mayor*, 2 Swan, [Tenn.] 364.

In this case the question arises between the life tenant and remainderman, and we are considering it in no other aspect. It cannot be affirmed that contribution must be made in all local assessments. Many of them are of a temporary character, such as board and brick sidewalks. The rule, it is believed, to be extracted from the authorities, is, that contribution must be con-

fined to cases of assessments for improvements, which, in their nature, are permanent, and do not require renewals from time to time. This rule will include benefits for opening and widening streets, and assessments for grading streets, and the construction of permanent sewers. But in the present case, the tax bills were, and will be, issued for improving the surface of the streets, that part of them which is subject to constant wear and tear, and in the nature of things the pavements must require repairs and renewals. Doubtless, the granite pavement is more lasting than the asphalt, but we do not think either comes within the rule before stated. In this particular case it is conceded the plaintiff is only twenty-eight years of age, and according to the tables adopted in the life-insurance law of this state his expectation of life is thirty-six years and over. It can hardly be hoped that these pavements will last that long without renewal. It is true the taxes are large, but we cannot make the amount of them the criterion.

The demurrer was properly sustained, and the judgment is affirmed. All concur.