ERNEST HILDENBRANDT, Trustee of THOMAS WALKER, Respondent, v. GEORGE P. WOLFF, Appellant.

St. Louis Court of Appeals, March 21, 1899.

1. **Trustee of Life Estate**: APPLICATION OF PROCEEDS. The law requires a tenant for life, out of the proceeds of the estate, to pay interest on incumbrances, repairs and ordinary taxes. It is only when the tax assessment is for permanent improvement or betterment of the whole estate that it can be equally apportioned between the life tenant and the remainderman.

2. In the case at bar it is not denied that defendant collected enough rent to pay taxes, but that after deducting repairs, he paid over the rents to the beneficiary while alive and for expenses incurred in her last sickness, held, that he had no right under the deed of conveyance to him, to divert the income of the life estate from its primary obligation for ordinary taxes.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

ORVILLE T. and EVAN A. SMITH for appellant.

A trustee, in the absence of gross carelessness or fraud, is liable only for what he actually receives. Taylor v. Hite, 61 Mo. 144; Schlueter v. Finley, 54 Mo. App. 454. A trustee for a life tenant is not liable for charges accruing after the death of his *cestui que trust.*

No points and authorities for respondent.

BOND, J.—On the fifteenth of April, 1891, John and Mary Walker conveyed houses number 710 and 712, North Twelfth street, in this city, and the lot of ground on which they are situated, to defendant and his successors in trust.

First, to pay the net income to the use of Mary Highly Mountain Walker for life, and at her death to convey the property in fee to her living children. Secondly, in the event of her death without living issue, to pay the net income to Thomas Walker for life, and at his death to convey in fee to his heirs at law. Mary Highly Mountain Walker died September 8, 1897. Plaintiff was appointed as the successor in trust of defendant by decree of the circuit court of St. Louis on the ninth of February, 1898, and instituted the present action against defendant for injury to the property caused by alleged neglect to keep the house in tenantable condition, for failure on that account to get larger rents for February and March, 1898, for failure to pay annual taxes for 1896 in the sum of $83.60, for failure to pay such taxes for 1897 in the sum of $80.95. The answer was a general denial. There was a trial by the court without a jury and a finding for defendant on the first and second counts of the petition and for plaintiff on the third and fourth counts. From a judgment in accordance defendant appealed.

The law requires a tenant for life, out of the proceeds of the estate, to pay interest on incumbrances, repairs, and ordinary taxes; it is only when the tax assessment is for permanent improvement or betterment of the whole estate that it can be equally apportioned between the life tenant and the remainderman. Reyburn v. Wallace, 93 Mo. 326; Bone v. Tyrrell, 113 Mo. 175. Moreover, in the case at bar the express terms of the deed of trust made it the duty of the defendant as trustee of the life estate to pay over only its net proceeds to the beneficiary. If, therefore, there was any substantial evidence tending to prove the collection by defendant of sufficient rents for the property conveyed to him to pay annual taxes, he was bound to do so, and the judgment of the lower court upon such basis of fact must be affirmed, since no errors of law are complained of. The record in this case contains evidence tending to prove that one of the houses was let

by defendant during the year 1896, and also that one was let during the year 1897 (these being the years for which defendant failed to pay the taxes) ; that the prices paid by tenants during the term of defendant's trusteeship ranged from $26 per month for each house to $15 net per month for each house at the time defendant gave up his trust. It is apparent, therefore, that if only one house was rented during the year 1896 and 1897, that the income therefrom at $15 per month would exceed in amount the aggregate claimed for the unpaid tax bills in the third and fourth counts of plaintiff's petition. Indeed it is not denied by defendant that he collected enough rents to pay taxes. His excuse is that he paid over the rents after deducting repairs, to the beneficiary while alive, and for expenses incurred during her last sickness. He had no right under the deed of conveyance to him in this manner to divert the income of the life estate from its primary obligation for ordinary taxes.

There was substantial evidence to support the finding of the judgment of the lower court. It is therefore affirmed.