THOMAS BERRY et al., Appellants, v. WILLIAM M. STIGALL, Respondent.

Kansas City Court of Appeals, May 6, 1907.

1. WILLS: Construction: Trusts and Trustees: Allowances. A farm was given to a trustee until the youngest child was of age with directions to support and educate the minor children from the rents and profits. *Held*, the trustee could make reasonable expenditures for the repair of the farm and even borrow money for that purpose, and rules relating to life tenants are held inappropriate.

2. ———: ———: ———: ———. The trustee would be entitled to a reasonable allowance for his services and is not bound to a five per cent basis as an administrator is. He is also entitled to a reasonable attorney's fee.

3. TRIAL PRACTICE: Amended Petition: Evidence. The refusal of the trial court to allow an amended petition is approved since the judgment could not have been otherwise than it was.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*L. F. Henry, J. N. York* and *K. B. Randolph* for appellants.

(1) The court cannot make a new will for the parties. (2) The trustee must act strictly within the terms of the will and cannot get credit for any money expended except such sums as are plainly authorized. Drake v. Crane, 127 Mo. 102; Garesche v. Investment Co., 146 Mo. 448; Davis v. Hoffman, 167 Mo. 582; In re Bowie's Est., 74 Mo. App. 191. (3) It is at once seen by an examination of the trustee's accounts that the rents were not used to support and educate the minor children, but were principally used for the benefit of the trustee himself and the remaindermen. The trustee received as his own compensation $382.85. His attorney was paid thirty-five dollars, and these four minor children had expended for them jointly and *in toto* during all of those six years only $297.79. The remainder was spent in improving the estate to the deprivation of these minors. Under the circumstances we could almost believe that John Berry died for the benefit of the trustee. (4) A testamentary trustee can only claim five per cent on disbursements as his compensation. Donaldson v. Allen, 182 Mo. 626; In re Steele Estate, 97 Mo. App. 15; Grocer Co. v. Walton, 95 Mo. App. 536. (5) A trustee can receive compensation out of the trust funds for such services and expenditures only as are within the line of duties imposed upon him by the instrument creating the trust. In this case the trustee expended $297.79 for trust purposes. Hence if entitled to compensation at all, would be entitled to $14.90. Grocer Co. v. Walton, 95 Mo. App. 536. (6) A trustee guilty of breach of trust or of gross negligence is not entitled to compensation. Maginn v. Green, 67 Mo. App. 616; Newton v. Rebenack, 90 Mo. App. 650.

*W. H. Haynes,* for respondent, filed argument.

ELLISON, J.—This proceeding has for its purpose the removal of defendant as trustee executing the provisions of a will, and for an accounting by him. On trial in the circuit court the defendant prevailed and plaintiffs duly perfected their appeal.

John Berry died testate in the year 1893 leaving a widow and the plaintiffs who are his children. His will contained the following provisions:

"Sec. 1. To my beloved wife, Clarissa Berry, I give and bequeath all my personal estate, with full power to use and dispose of the same for the purpose of paying all of the debts owing and contracted by me.

"Sec. 2. To my said wife, I devise and bequeath full power and control of all lands and real estate of which I may die seized, until our youngest child shall become of legal age, and from the rents and profits of said lands to support and maintain and educate our minor children.

"Sec. 3. Upon our youngest child living becoming of legal age, I give and bequeath all the remainder of my estate, real, personal and mixed, in equal proportions share and share alike, to the heirs of my body and hers, viz.: Thomas, Louisa, James, Maida, Killian, Charles, Carey, and Carry, and my said wife. I hereby appoint my beloved wife and our son Thomas, executors of this my last will and testament, hereby revoking all former wills by me made."

The widow failed to qualify as executrix and shortly afterwards died, and Thomas Berry, one of the plaintiffs, was duly appointed administrator. He afterwards made final settlement. Afterwards defendant was appointed "trustee of said estate under the will." Defendant as such trustee took charge of the real estate consisting of a farm and improvements. The charge made against defendant is that he violated his trust by wasting the rents and profits of the estate and administering its

affairs contrary to the directions of the will. At the death of John Berry four of his children were minors and one of them was still under age at the commencement of this action.

The objections to the judgment of the trial court have narrowed the issues frequently presented in such controversies and have greatly simplified the questions presented for our determination. It is clear that the case turns on a construction of the provisions of the will. If the defendant's administration of his trusteeship was within the reasonable intendment of the testator, as expressed in the will, we must adopt the view of the trial court and affirm the judgment. The objections are that the trial court erred in allowing defendant's expenditures in repairs made upon the farm, and for taxes and the defendant's compensation, including an attorney's fee, and a note for money borrowed by defendant. The note was executed for material for repairs and if the repairs were within the authority of the trustee, it follows that no error was committed in allowing him what he paid in discharge of the note. The charges for improvements and repairs consisted principally of expense for labor and material on the house and barn such as lumber, hardware, wall paper, etc., and repairing fences.

The idea advanced and held out by the plaintiffs is that the testator only contemplated that the minor children should be maintained and educated out of the rents and profits of the lands. We think such interpretation of the will fails to give force and effect to some of the material portions thereof. The testator not only directed that the minor children should be maintained and educated out of the rents and profits of the land, but also that his wife should have "full power and control of all lands . . . until the youngest child became of age." The lands were an improved farm and it is beyond all reason to suppose that the testator contemplated that

the house, barn, fences, etc., were to be allowed to decay. As illustrative of what we deem to be too narrow a construction of the will, plaintiffs showed that many persons would or might have paid as much for rent without the house and barn as with them. It is quite true that persons already provided with a home place might have no need for the house, barn, etc., of a farm nearby, and, desiring more land, might pay as much without those improvements as with them. But we must consider this property as we find it, and we cannot allow ourselves to conclude that repairs were not within the contemplation of the testator. So we think he contemplated the payment of the taxes.

In the cases of Bone v. Tyrrell, 113 Mo. 175, Reyburn v. Wallace, 93 Mo. 326, and Hildenbrandt v. Wolff, 79 Mo. App. 333, it is held that the life tenant must pay for repairs, and even improvements which do not go to the permanent enhancement of the estate; and also the taxes, including special taxes of such character as for paving streets and sidewalks. In Reyburn v. Wallace, it was stated that such tenant should also pay for the care and management of the estate. But we do not need to call the reasoning on the rule stated in those cases to our aid in this case. Our conclusion in this case is based on the terms of the will itself.

The trial court allowed compensation to the defendant as trustee which we regard as reasonable. Defendant was appointed trustee by the court and while his compensation must be limited to reasonable bounds, yet it is not necessarily the five per cent. allowed by statute to administrators and executors. In Beck v. Kinealy, 89 Mo. App. 425, the compensation to a trustee was not limited by any certain per cent. So, in our opinion the trial court did not err in allowing to defendant a reasonable attorney's fee.

Plaintiffs asked and were refused leave to file an amended petition. We find no abuse of the trial court's discretion in that respect. Besides, in the view we have

adopted as to the proper construction of the will, we do not see how any other result could have been reached than that embodied in the judgment of the trial court. Indeed, the construction which we give to the will as expressing the intent of the testator is practically a determination in favor of the defendant of all points which properly arise in the case.

The judgment is affirmed. All concur.