## Seabury *vs.* Bowen.

*In the matter of the Estate of* Margaret C. Bowen, *deceased.*

An assessment upon premises devised by the testatrix, which was confirmed at the time of her decease, though a lien on the lands, was also a personal debt of the testatrix, and should be paid out of her personal estate, though it is not entitled to any priority before other debts.

At common law all debts, of whatever description, whether general or specific liens on lands, were chargeable first on the personal estate, and that rule has been varied by the statute, only in respect to mortgages and taxes, and as to the latter, only as regards priority.

The Surrogate.—At the decease of the testatrix, an assessment had been duly confirmed upon certain devised premises in Ludlow street, and the question arises, whether the charge

is to be paid out of the personal estate, or whether it is to be borne by the owner of the devised property. The assessment was levied for the widening of Walker street. By law, this assessment, though a lien on the real estate from the time of confirmation, was also a personal debt of the testatrix, which she was liable to pay on demand; and in default of payment it could be recovered by levy and distress, or by action of debt or assumpsit. (*Laws*, 1813, *ch.* 86, § 186, *vol.* 2, *p.* 420.) The Revised Statutes place the payment of taxes in the second class of preferences, for the reason, as stated by the Revisers, that " the personal property is liable to be sold for taxes in the county," while " those assessed in another county are charges upon the land only." (3 *R. S., p.* 641, *Revisers' Notes.*) No such priority has been given to assessments, but I can perceive no reason why they ought not to be paid out of the personal estate, though not entitled to a preference. The statute being silent, we must have recourse to the rule at common law, which has been varied by the statute only in respect to mortgages and taxes, and as to the latter, only as regards priority. All debts of whatsoever description, whether general or specific liens on lands, were, at common law, chargeable first on the personal estate. An assessment, if confirmed at the testator's decease, is a personal debt, and should, therefore, in the absence of any statutory provision, be paid out of the personal estate.