NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— July, 1879.

## HONE *v.* LOCKMAN.

*In the matter of the estate of* RICHARD C. SAGE, *deceased.*

An executor is authorized to pay assessments which were confirmed, and became a lien, at or before the date of the decedent's death.

An assessment, after confirmation, though a lien on real estate, becomes also a personal debt of the owner, even without demand for its payment. Such a demand is only a pre-requisite to the validity of any sale of the land, or to the commencement of an action for its recovery.

Where, upon a motion to confirm an auditor's report, on final accounting of an executor, it appears that, since the filing of the account, various payments have been made, the executor will be allowed to bring down the account to the time of the motion, by filing an affidavit, duly verified, containing all items of receipts and expenditures.

MOTION to confirm auditor's report on final accounting of Jacob K. Lockman, as executor of and trustee under the last will and testament of Richard C. Sage.

Numerous objections had been filed to the account, which, by stipulation, were to be considered as exceptions to the report. A special exception was filed to the auditor's finding, "that the executor was authorized to pay assessments which are confirmed, and became a lien at or before the date of the decedent's death."

Further facts appear in the opinion.

JOHN T. LOCKMAN, *for executor*.

JAMES G. JOHNSTON, *for objectors*.

H. E. TALLMADGE, SHEARMAN & STERLING, THORNDIKE SAUNDERS, JOSIAH PORTER *and* AMBROSE MONELL, *for other objectors*.

THE SURROGATE.—I have carefully examined the auditor's report, with the testimony, the objections filed to the account, and the exceptions to the report, and I am of the opinion that the said auditor has correctly found herein according to the facts. I therefore deem it unnecessary to comment upon any of the objections filed to said account, which are to be considered as exceptions to said report, except the one in reference to the payment of assessments by the executor.

The only testimony offered by any one of the contestants of said account, in support of the objection to the payment of such assessments, was by James G. Johnston, Esq., in behalf of a creditor, from which testimony it

appears that said assessments were confirmed before the decedent's death. It also appears therefrom, what is the amount of the assessment on each lot, the entry of title of said assessments, the name of the supposed owner of the property on which the assessments were levied, together with the memorandum as to such of said assessments as have been paid. The testator died on the 27th day of June, 1876. The executor's account included all the taxes and assessments on the testator's property, whether confirmed before or after his death ; and it thus appears that only the 1st, 2d, 6th, 7th, and 8th assessments mentioned in the affidavit offered by Mr. Johnston were confirmed and entered, and became a lien on the testator's property, before his death. It is in reference to these assessments that the question is raised that no formal demand was made on the testator for the payment thereof, and therefore did not constitute a debt against decedent.

It is held in the Matter of Tappen (54 *Barb.*, 390; same case, 36 *How. Pr.*, 390), that the fact of an assessment being levied in the name of the person appearing on the last year's list as the owner, and not in the name of the real owner, does not invalidate the assessment. It would, therefore, seem to follow that a demand upon the owner is not an absolute prerequisite to the validity of the assessment. (See Paillet *v.* Youngs, 4 *Sandf.*, 50.) In De Peyster *v.* Murphy (7 *J. & S. Super. Ct.*, 256), it is held, that the liability of the land for the payment of assessments is at least contemporaneous with the personal liability of the owner; resort may be had to either in the first instance, except that a preliminary demand must be made of the owner, if he can be found,

*before proceeding to sell the land*, and when the land is resorted to in the first instance, it necessarily extinguishes the personal liability. This case clearly holds that the object of the preliminary demand is in order to render valid the proceedings for the *sale* of the land for non-payment of the assessment, and that even in such cases, the demand need only be made upon the owner, *if he can be found*. This case positively upholds the personal liability of the owner, and does not make the land primarily liable; resort may be had to either; the liability of the land is contemporaneous with the personal liability. In Seabury *v.* Bowen (3 *Bradf.*, 207), it is held that an assessment upon certain devised premises in Ludlow street in this city, which had been duly confirmed before the testatrix's death, should be paid out of the personal estate. Judge BRADFORD, in deciding this case, remarks, that by law, the assessment, though a lien on the real estate from the time of confirmation, is also a personal debt of the testatrix, which she was liable to pay on demand, and in default of payment it could be recovered by levy and distress, or by action of debt or assumpsit; and in closing his decision, he further remarks that an assessment, if confirmed at the testator's decease, is a personal debt, and should, therefore, in the absence of any statutory provision, be paid out of the personal estate.

I have fully considered the able brief of the counsel for the creditor who filed the above-mentioned exception to the said report, and am clearly of the opinion that an assessment after due confirmation thereof, is a personal debt of the owner of the land upon which the assessment is levied, either with or without a demand

for its payment; that such a demand is only a pre-requisite to the validity of any sale thereof for its non-payment, or for the commencement of an action for its recovery ; and that a demand does not, in any way, add to its character as a valid debt due from the owner of the land, or from his legal representatives in case of his death. There may be very good reasons why proceedings should not be taken, and costs made, looking to the sale of the property assessed, until the owner shall have an opportunity to pay without incurring such expenses and the danger of having his property sacrificed, which do not, in any way, tend to impair the validity or conclusiveness of the debt. A demand and refusal in trover may be necessary in cases to constitute a conversion, for the reason that the defendant, being in possession, may see fit to deliver the property on being informed of the plaintiff's claim ; but the demand and refusal do not affect the plaintiff's title to the property. If the decedent had gone to the proper authorities and paid the assessments without demand, he could only be relieved by showing that the assessments were illegal, and it seems to me that when the assessments in this matter were allowed by the representative of the estate after confirmation, they will be assumed to have been regularly levied, and that their allowance cannot be disallowed, except knowledge or reasonable suspicion of their invalidity should be brought to the executor ; and the onus of such proof is with those alleging its existence.

I am therefore constrained to hold that the auditor is justified by the law and facts in the conclusions to which he has arrived in this case, and that his report should be in all things confirmed. It appears from said

testimony that since the filing of said account, the said executor has received and paid out on account of. said estate various sums of money, and as considerable time has elapsed since said account was rendered, I consider it proper that said executor should bring his account down to the present time, so that it may be finally settled as to all matters which have occurred in respect to said estate since the filing of his account herein. This he may do by affidavit duly verified, containing all items of receipts and expenditures, and showing condition of estate at date of filing name. Upon filing such affidavit, if no objections are filed thereto, a decree confirming said report may be presented for settlement. Let an order confirming the report of said auditor and referee, and fixing the date for filing the affidavit above referred to, be presented for settlement on three days' notice.