NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.— March, 1882.

## COLEMAN *v.* COLEMAN.

*In the matter of the estate of* THOMAS J. COLEMAN, *deceased.*

Taxes assessed during the life-time of a decedent, upon real property in which he had a life estate, and remaining unpaid at the time of his death, are entitled to preferential payment out of the personalty left by him, under 2 *R. S.*, 87, § 27, subd. 2, which assigns a second preference to " taxes assessed upon the estate of the deceased previous to his death."

PETITION by William A. Coleman, to require Julia A. Coleman, administratrix, etc., of decedent, to render and settle her account, and pay out of the assets taxes assessed upon any property of which decedent was seized or possessed, either for life or in fee. The facts appear sufficiently in the opinion.

C. E. & D. B. OGDEN, *for petitioner.*

Q. McADAM, *for administratrix.*

THE SURROGATE.—Taxes assessed during the life-time of the deceased, upon certain real property in which he had a life estate, remained unpaid at his death. Are they entitled to preferential payment out of the personalty left by him ? This preference is claimed under 3 *R. S.* (6 ed.), 95, § 37, subd. 2. The section provides that

executors and administrators shall pay the debts of the deceased in the following order : 1. Debts entitled to a preference under the laws of the United States. 2. Taxes assessed upon the estate of the deceased previous to his death.

I think that the taxes in question are debts of the deceased, which the administrator is required to pay out of the personalty of the deceased (Seabury *v.* Bowen, 3 *Bradf.*, 207 ; Griswold *v.* Griswold, 4 *Id.*, 217 ; Gunning *v.* Carman, 3 *Redf.*, 69 ; Bates *v.* Underhill, *Id.*, 365). Are they, however, such taxes as were "assessed upon the estate of the deceased previous to his death ?"

This word, estate, has several meanings. Used in reference to land, it signifies the right or interest which the owner has therein ;·employed in wills or other instruments for disposing of property, it embraces property, both real and personal (1 *Edw. Ch.*, 239 ; 1 *Sandf. Ch.*, 334).

The interpretation of the word, in the statute under consideration, should be such as best accords with the intention of the legislature. The manifest object of the law was to make provision, for the interests of the State, of a fund available for speedy payment of taxes. Is there any difference in principle, between the present case, and one in which a decedent has died leaving an estate in fee, upon which taxes have been assessed in his life-time ? No authorities have been cited for or against the claim of this petition, and the doubts which I intimated at the argument are not fully resolved ; but on the whole, I am led to believe that the tax is entitled to a preference, and I so find.

Ordered accordingly.