NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1885.

MATTER OF NOYES.

*In the matter of the estate of* FREDERICK B. NOYES, *deceased.*

A tax or assessment upon a decedent's real property, which has been levied and confirmed before his death, being one of the " debts of the deceased " which his personal representative is, by statute (2 R. S., 87, § 27), required to proceed with diligence to pay, a devisee of the property is entitled to have the incumbrance discharged out of the decedent's personal estate, unless the will contain directions to the contrary.

DETERMINATION of question as to payment of taxes upon real property devised by decedent's will.

JOHN A. FOLEY, *executor, in person.*

THE SURROGATE.—This testator left a will and codicil. By the first clause of the former instrument, he directed his executors to pay his just debts; by the fifth clause of the latter, he gave to one of those executors · " two lots of ground situate in One Hundred and Thirty-fifth street, near Eighth avenue, in the city of New York." Upon the property devised in the terms just quoted, certain taxes and assessments were due and unpaid at the time of the testator's death. I am asked to determine whether the devisee takes the land clear of these taxes and assessments, or takes it *cum onere.*

It was the rule of the common law that the devisee of real property, upon which subsisted any encumbrance that had been put upon it during the testator's lifetime, was entitled to have such encumbrance satisfied out of the personal assets of the testator's estate. This rule was broad enough to include a mortgage, and, only in cases where an intention to make the devised estate the primary fund for the payment of encumbrances was plainly manifested, did the devisee take his devise *cum onere* (Roper on Legacies, 732; Mosely v. Marshall, 27 *Barb.*, 45; Wright v. Holbrook, 32 *N. Y.*, 587).

So far as regards mortgage debts, the rule of the common law was abrogated in this State by § 4, tit. 5, ch. 1, part 2 of the Revised Statutes (3 *Banks*, 7*th ed.*, 2205), which declares that the devisee of real estate,

subject to a mortgage executed by his testator, shall satisfy and discharge such mortgage out of his own property, without resorting to the testator's executor, unless there be an express direction in the will that such mortgage be otherwise paid.

But so far as regards the burden of taxes and assessments levied and confirmed before the death of the testator, the rule of the common law remains unchanged. They are "debts" which the executor is required by law "to proceed with diligence to pay" (§ 27, tit. 3, ch. 6, part 2, R. S.; 3 *Banks*, 7th ed., 2298; Seabury v. Bowen, 3 *Bradf.*, 207; Griswold v. Griswold, 4 *id.*, 216; Bates v. Underhill, 3 *Redf.*, 372; Hone v. Lockman, 4 *id.*, 64; Coleman v. Coleman, 5 *id.*, 524).