HENRIETTA C. SMITH, Appellant, *v.* JOHN T. CORNELL, Executor, etc., Respondent.

In January, 1883, one S. died, seized of certain real estate which, by his will, he devised to his executor in trust for certain uses and purposes. This trust was, in an action brought by plaintiff, his only child, in November, 1883, adjudged invalid and the lands were held to descend to plaintiff as the testator's sole heir-at-law. At the time of the testator's death the taxes on these lands for several years were unpaid and in May, 1883, a sale was had for the unpaid taxes of 1879. Immediately after obtaining the decree setting aside the trust, plaintiff brought an action to compel defendant, as executor, to pay from the personal property in his hands the taxes remaining unpaid and to redeem the lands from the tax sale. The executor set up as a defense that plaintiff had purchased the lands at a sale in October, 1883, under a decree in an action brought by the widow against the executor, in his capacity as trustee, for the recovery of her dower, to which plaintiff was not a party, which sale and the conveyance thereunder were made subject to the unpaid taxes and the sale for taxes. It appeared that the testator's personal estate was sufficient to discharge the tax liens, and no claims had been presented to

the executor pursuant to his notice of a character entitled to a preference over the taxes imposed and unpaid prior to the testator's death. *Held,* that the taxes were the personal debts of the testator and the executor was not released, by plaintiff's purchase in the dower action and acceptance of the deed, from the obligation imposed upon him by statute (2 R. S. 87, § 27), to pay the same.

In the absence of a covenant or agreement to that effect, contained in the instrument of conveyance, the grantee of lands does not assume a personal obligation to pay existing incumbrances

*Smith* v. *Cornell* (19 J. & S. 354) reversed.

(Argued December 3, 1888; decided December 11, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 2, 1885, which reversed a judgment in favor of plaintiff, entered upon a decision of a judge at Special Term. (Reported below, 19 J. & S. 354.)

The nature of the action and the facts are sufficiently stated in the opinion.

*Benjamin M. Stillwell* for appellant.    Upon the death of the testator the taxes became a first lien upon the personal estate in the hands of the executor, and the land thereby became only secondarily liable therefor. (*Harrison* v. *Peck,* 56 Barb. 265 ; 2 R. S. 87, § 27.)    The judgment in the action to recover dower was only interlocutory and determined nothing, except that the widow was entitled to dower in said lands. (Code, §§ 1619, 1624.)    The purchase of said lands by the plaintiff under the judgment in the action for dower, and the acceptance by her of the referee's deed therefor, subject to the unpaid taxes and sales therefor, cannot be construed as a contract on her part to pay such taxes, nor did such purchase in any way affect any right or title which she had in or to such lands prior to the judgment and sale, and prior to the commencement of the action for dower. (Code, §§ 1619, 1624, 2798; *Belmont* v. *Cowan,* 22 N. Y. 438.)

*Horace Secor, Jr.,* for respondent.    The provision of the statute providing for the order of the payment of the debts of a decedent, and giving preference to debts entitled to a prefer-

ence under the laws of the United States, and to taxes assessed prior to the death of the decedent, is made for the benefit of the government. (*Seabury* v. *Brown,* 3 Bradf. 207.)

GRAY, J. At the time of the testator's death, in January, 1883, he was seized of certain real estate in New York city, and, by his will, he had devised the same to his executor, in trust for certain uses and purposes. As the result of an action brought by this plaintiff, his only child, it was, in November, 1883, adjudged and decreed that the trust, attempted to be created by the will, was an unlawful one, and that the lands descended to plaintiff, as sole heir-at-law of the testator. At the time of his death there were unpaid the taxes imposed upon the lands for several years past, and, in May, 1883, a sale was had for the taxes in arrears for the year 1879. Immediately upon obtaining her decree, this action was commenced by the plaintiff to compel the defendant, as executor of her deceased father, to pay from the personal property in his hands the taxes remaining unpaid, and to redeem the lands from the tax sale thereof. The executor defended the action and alleged that the plaintiff had purchased the lands at a sale had in October, 1883, pursuant to the terms of a decree in an action brought against him by the widow of the deceased for the recovery of her dower, and that the sale and the referee's conveyance to this plaintiff were made subject to the unpaid taxes and sale therefor mentioned. The personal estate was sufficient for the purpose of discharging the tax liens, and no claims had been presented to the executor, pursuant to his notice, of a character entitled to a preference, under the laws, over taxes imposed and unpaid prior to the testator's death.

The contention of the appellant on these facts is, that the General Term have erred in reversing the judgment of the Special Term, which adjudged that the defendant, as executor, should pay the taxes in question, and we think the appeal should be sustained.

The theory of the defense is to the effect that the purchase by this plaintiff at this sale under the decree in the dower

action, and the acceptance of the deed of the referee convey-
ing subject to unpaid taxes, etc., operated to release the exec-
utor from the legal obligation resting upon him to discharge
these debts of the testator. The General Term accepted that
theory and thereby fell into serious error. The learned judge,
who delivered the opinion of the General Term below, said
that when this plaintiff bought the premises " subject to taxes,
it was the equivalent of an obligation to the defendant that
the land should be the primary fund for the payment of taxes
and not the personal property of the estate," and that she
" thus consented that the executor need not so apply the per-
sonal estate."

No such consequences did, or could possibly flow from the
transaction of purchase by this plaintiff, either in equity or at
law, and the defendant was never absolved from his duty as
executor to apply the personal estate in his hands to the pay-
ment of these taxes. By the provisions of the Revised
Statutes of this state, the obligation is imposed upon executors
and administrators, next after debts entitled to a preference
under the laws of the United States, to pay " taxes assessed
upon the estate of the deceased previous to his death." (Part
1., chap. 6, tit. 3, art. 2, § 27.) This preference is com-
manded by the statute, and in obedience to the command the
executor or administrator must apply the personal property of
the estate as directed. The taxes unpaid at the testator's
death were his personal debts (*Seabury* v. *Bowen*, 3 Bradf.
207; *Griswold* v. *Griswold*, 4 id. 216.) And we are unable
to find any reason for supposing that the rights of this plaintiff,
as his heir-at-law, with respect to their payment, were affected
by the decree in the widow's dower action, or by the con-
veyance thereunder. That action was by the widow against
the executor, in his capacity as trustee of the real estate
under the will, and this plaintiff was no party to it and
could not, in any sense, be considered bound by its result.
To the contrary, her pending action to have that trust
declared invalid was a distinct and emphatic assertion of a
claim, as hostile to the trust title in the executor, as it was

irreconcilable with the supposition of any waiver on her part of her legal rights. One effect of her purchase at the sale, under the decree in the dower action, was to protect her interests in the estate. She sacrificed nothing and conceded no rights away. When, subsequently, by the decree in her action, the trust in the executor was declared unlawful, matters were reinstated in the condition in which they were before the sale in the dower action; with this sole feature, that from the heir-at-law's money the widow's dower interest had been satisfied. The decree in the widow's action was ineffectual to give a good title to anyone, as the title had never passed out of the heir-at-law; but it had served the end of admeasuring the dower-right of the widow. Even had the sale been valid in the widow's action and to a stranger, as it was subject to the lien of unpaid taxes, the value would have been *pro tanto* diminished and this plaintiff would have had her claim upon the personal estate in the executor's hands for reimbursement. How is the question affected because she herself stepped in and bought the property charged with the lien?

She was not a party to the action, and was not bound by any step or proceeding in its conduct; its force was against the executor of the will, as invested with the legal title to the lands, through the devise to him in trust; the subsequent judgment, in the pending action by this plaintiff, declared the trust illegal and left the title in this plaintiff, as heir-at-law, as of the time of testator's death; and, when she bought in the lands, she made no agreement, expressed in words importing such, or to be implied from the conveyance, assuming the payment of the existing incumbrances.

In the absence of a covenant or agreement to that effect, contained in the instrument of conveyance, the grantee of lands does not assume a personal obligation to pay existing incumbrances. (*Belmont* v. *Coman*, 22 N. Y. 438; *Equitable Life Ins. Co.* v. *Bostwick*, 100 id. 629.) The plaintiff, as the grantee in the referee's deed, conveying subject to taxes, etc., thereby entered into no obligation respecting these unpaid

liens. Its acceptance by her neither had that effect, nor did it operate, constructively or actually, as her consent that the executor should not apply the personal property in payment of those liens. There was no assumption clause in plaintiff's deed for the payment of any incumbrances, and, neither in equity nor at law, was that which was the debt of the testator changed into a debt of her undertaking. Thus there is a total absence in this case of the elements out of which to construct a theory of an obligation, express or implied, on plaintiff's part to pay these taxes, or of an agreement by her that the executor should be released from his legal liability in respect of their payment. There is nothing here to alter what should be the invariable rule, that the personal property of a testator is the primary fund for the payment of his debts, and that the land, or the heir or devisee of the same, in respect thereto, stand simply as sureties for their payment.

In this case the executor had no administrative rights over these lands or their proceeds. If the personal property were insufficient to pay the debts, he or any creditor had a statutory right to apply to the surrogate for a decree directing some disposition of the real property for that end, and the proceeds thereby arising would be paid into the Surrogate's Court. (Code of Civil Pro. §§ 2759, 2786.) The idea of the learned judge at General Term, with respect to the relation of the defendant as executor to the real estate, was under an evident misapprehension; he had no right of control over the same; but simply the right, common to him and to the creditors, in a certain contingency and upon a proper showing of facts, to call into exercise the power of the Surrogate's Court over the real estate of the decedent.

Nothing in the record calls for any further expression of opinion, and, for the reasons stated, the order of the General Term should be reversed, and the judgment of the Special Term should be affirmed, with costs to the appellant in both courts, to be paid out of the fund in the defendant's hands as executor.

All concur.

Judgment accordingly