HENRIETTA C. SMITH, Appellant, v. JOHN T. CORNELL, as Executor, etc., Respondent.

Certain lands, of which G. died seized, descended to plaintiff as heir-at-law, subject to an estate for two lives in a trustee, created by the will of G. Taxes had been assessed upon the lands prior to the death of the testator. These were paid out of the proceeds of sales of the land pursuant to judgments in a foreclosure suit and in an action for dower commenced after the death of G. Plaintiff and defendant, the executor and trustee under the will of G., were parties defendant to said actions. In an action to compel defendant to restore to the trust fund, out of the personal estate the amount of the taxes, it appeared that the personal estate amounted to more than the taxes, but that there were claims of unpreferred creditors of the decedent largely exceeding the personalty. *Held*, that, while it was the duty of the executor to pay the taxes before paying the unpreferred debts (2 R. S. 87, § 27), while the proceeds of the sale of the land, as between the heir-at-law and the next of kin or legatees were to be treated as realty, and while the executor, as such, was not vested with administrative authority to sell lands for the payment of debts, yet as, if the executor was required to pay over to himself, as trustee, out of the personalty the amount taken from the real estate to pay taxes, the fund would be liable to be reappropriated on the application of creditors to the payment of general debts, and as, without any action on the part of the executor, the taxes have been paid, the relief asked for was properly denied.

*Smith* v. *Cornell* (111 N. Y. 554) distinguished.

Reported below, 20 J. & S. 499.

(Submitted March 21, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 7, 1885, which affirmed a judgment in favor of defendant, entered upon a demurrer to the answer.

The complaint in this action alleged, in substance, that the plaintiff is the only child and heir-at-law of Gershom B. Smith, deceased; that said Gershom B. Smith died, leaving a will which was duly proved, and the defendant qualified as executor; that by the will the said Smith devised certain premises owned by him in fee, and known as Nos. 18 and 20 Howard street, in the city of New York, to the defendant Cornell, as executor, in trust, to take charge of and collect the rents and income of such premises during the lifetime of two nephews, and to pay the same over to three nephews, which were named; and upon the further trusts, after the death of the two first named nephews, to convey the premises to certain parties named in the will, if they should then be living; that at the time of the death of the testator, No. 18 Howard street was subject to unpaid taxes, which, with interest, amounted to $2,615, and No. 20 Howard street was subject to unpaid taxes amounting, with interest, to about $1,570; that No. 20 Howard street was, at the time of the death, incumbered by two mortgages made by him; that after his death an action was begun for the foreclosure of the mortgages and a judgment of foreclosure and sale rendered, under which the premises were sold, and out of the proceeds of the sale, the amount of unpaid taxes upon the premises were paid in accordance with the directions of the judgment; that there was a surplus of $1,215 after payment of the taxes, the amount due upon the mortgage, and all other charges, which surplus was paid to the defendant as trustee under the third clause of the will. That the testator left a widow, Ann E. Smith, who became entitled to dower, and brought her action for it; and in that action judgment was rendered, that the premises No. 18 Howard street be, and they were accordingly, sold; and from the proceeds the taxes unpaid upon the premises were

paid, with interest, in accordance with the directions of the judgment; that after payment of all charges and expenses there was a surplus of $3,232, which was paid over to the defendant as trustee under the will. That after the sales of both of the premises the plaintiff began an action in which a judgment was duly rendered, declaring that the said trust, so far as it authorized the defendant to collect the rent of the premises, during the lives of the two nephews, was a valid trust in lands, and vested in the defendant an estate in such lands for the joint lives of the two nephews, but that the trust to convey the fee after the termination of said two lives was not a lawful trust and did not vest in the trustee any estate; that upon the death of the testator the fee descended to the plaintiff as sole heir-at-law, subject to the life estate described: and it was further adjudged that such surplus, above referred to, was to be deemed real estate, impressed with the valid trust; and that, subject to the execution of such trust, the principal of said funds was vested in the plaintiff, and should be paid over to her, upon the termination of such life estate, as the owner in fee of the land represented by such funds; that the testator left personal estate to the amount of $9,000 and upwards, and more than enough to pay said taxes. The complaint asked, as relief, that the defendant, as executor of the will, be adjudged to pay the plaintiff the amount of said taxes and interest, as such preferred claim, out of the personal estate of the deceased, in his hands.

The answer alleged, first, that the admitted claims of the unpreferred creditors against the estate represented by him are largely in excess of the assets received by him as alleged in the complaint, and that defendant has received all the known assets or personal property belonging to the testator at the time of his death. Second, that said surplus funds were paid into the hands of the defendant, pursuant to order of the court, entered in the action of foreclosure and dower alleged in the complaint, on the application of this defendant, and with plaintiff's consent, she being a party to said action, as was also this defendant.

The plaintiff demurred to this as insufficient in law to constitute a defense.

*Benjamin M. Stilwell* for appellant. The executor not only administered the personal estate, but, if that was insufficient to pay the debts, he administered the proceeds of the real estate after it had been converted into money by the surrogate. (*Smith* v. *Cornell*, 51 Super. Ct. [J. & S.] 354.) The allegation in the complaint that "unpaid taxes are a debt of the testator which the executor is required by law to pay out of the personal estate in preference to any debts of less degree" is not a conclusion of law, which the defendant did not admit by not answering, but a statute. (2 R. S. 87, § 27; *Seabury* v. *Bowen*, 3 Bradf. Sur. 207; *Griswold* v. *Griswold*, 4 id. 216.) The real estate or its proceeds can only be reached and applied to the payment of debts under a decree of the surrogate made upon petition under the Code. (Code Civ. Pro. §§ 1843–1849, 2750, 2755, 2763.)

*Horace Secor, Jr.*, for respondent. A court of law will endeavor to prevent circuity and multiplicity of suits where the circumstances of the litigant parties are such that, on changing their relative positions of plaintiff and defendant, the recovery by each would be equal in amount. (Broom's Leg. Max. 343.)

ANDREWS, J. There is no doubt that it is the duty of an executor, in the ordinary course of administration, to pay taxes assessed against the lands of his testator prior to his death, before paying the other debts of the decedent, except debts entitled to a preference under the laws of the United States. (2 R. S. 87, § 27.) The taxes in question in this case were not paid by the executor, but were paid out of the proceeds of the sale of the lands of the testator, pursuant to the judgments in the foreclosure action and in the action for dower, in suits commenced after his death. The direction in the judgments, that the taxes should be paid out of the proceeds of the sales, was in accordance with law. (Code, § 1676.) The plaintiff and the executor were made parties

defendant in both actions. This action is, in substance, an action to compel the executor to restore to the trust fund, out of the personal property which came to him as executor, an amount equal to the taxes paid out of the proceeds of the sale of the lands under the judgments mentioned. The personal estate of the testator amounted to more than the taxes. It has been adjudged in a prior action that the trust created by the will of the testator in his lands was valid to support the equitable life estate in the income during the lives of Thomas and Benjamin Oliphant, but that the ulterior limitation was void, and that the lands descended to the plaintiff as heir-at-law of the testator, on his death, subject to the estate in the trustee for the two lives mentioned. If there was nothing else in the case, it would seem that the plaintiff would be entitled to have the sum taken from the land to pay taxes restored to the trust fund. The proceeds from the sale of the land are to be treated as land, as between the heir-at-law and the next of kin or legatees of the testator. But the answer alleges, and the demurrer concedes, that the admitted claims of unpreferred creditors of the estate largely exceed the personal assets of the testator. If, therefore, the executor is required to pay over to himself, as trustee, out of the personal assets, the amount taken from the real estate to pay taxes, the replenished fund into which the real estate has been converted would be liable to be reappropriated, on the application of creditors, to the payment of the general debts of the testator. The statute prescribes special proceedings for the sale of the real estate of a decedent for the payment of debts, and an executor, as such only, and by virtue of his general powers, is not vested with administrative authority to sell lands for this purpose. (*Smith* v. *Cornell,* 111 N. Y. 554.) But without any action on his part the taxes have been paid out of land embraced in the trust. The question is, ought the amount paid to be restored for the benefit of the beneficiaries in the trust and the remainderman? Upon the facts admitted we think the relief was properly denied. This result prevents

circuity of action and subjects the trust fund to no charge except that to which in some form it would sooner or later be liable.    The possibility that, by failure of creditors to pursue their legal remedies, the fund would be exonerated is too remote to be considered, and, moreover, it is a consideration which does not commend itself to a court of equity.    The conclusion reached does not conflict with *Smith* v. *Cornell* (*supra*), which was plainly well decided.    That case involved the simple question whether a purchase by the heir-at-law of lands of the testator on a sale under a decree in an action for dower brought by the testator's widow where the sale and the conveyance were made subject to unpaid taxes assessed during the testator's lifetime precluded the heir-at-law, to whom the lands descended subject to a trust for lives from calling upon the executor to pay the taxes out of the personal estate of the testator, no special circumstances being shown to take the case out of the general rule.

We think the judgment in the present case is right and it should, therefore, be affirmed.

All concur.

Judgment affirmed.