In the Matter of the Accounting of HANNAH GILL, as Executrix of ROBINSON GILL, Deceased, Appellant.

DAVID B. SICKLES, as Receiver, Respondent.

Decedent's estate — devisee of real estate entitled to have taxes thereon paid out of personal estate of decedent — when executrix, also sole legatee and devisee, who has paid note of decedent, erroneously charged with value of collateral.

When the personal representative of an estate is aware of the existence of a claim against such estate, he is not relieved from liability therefor by reason of the failure of the claimant to present his claim pursuant to the statutory notice. The protection of the statute is only where such representative acts in good faith.

The command of the statute (Code Civ. Pro. § 2719) is imperative that executors and administrators must pay out of the personalty all taxes assessed upon the property of the deceased previous to his death, and the devisee of real estate is entitled to have such taxes paid out of the personalty and his land relieved from the burden,

An executrix, who was also sole legatee and devisee of the testator, paid
a note of her decedent, which was secured by collateral, out of her own
funds, and on such payment received collateral to a less amount than
the sum paid. The Surrogate's Court, while properly refusing to credit
her with a greater amount than a *pro rata* dividend on the excess of the
creditors' claim over the value of the collateral, erroneously charged her
with the value of the collateral which came into her hands.

*Matter of Gill*, 137 App. Div. 901, reversed.

(Argued June 2, 1910; decided June 14, 1910.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 31, 1910, which affirmed a decree of the Kings County
Surrogate's Court judicially settling the accounts of the
executrix herein.

The facts, so far as material, are stated in the opinion.

*Edward T. Horwill* for appellant. The executrix on
April 15, 1898, had duly completed the publication of the
notice to creditors, pursuant to section 2718 of the Code of
Civil Procedure, and had paid out the entire assets of the
estate prior to April, 1900, when the claim of the respondent
was first brought to the attention of the executrix. Payment
was, therefore, properly refused. (*Rosen* v. *Ward*, 96 App.
Div. 262; *O'Conner* v. *Gifford*, 117 N. Y. 275; *Erwin* v.
*Loper*, 43 N. Y. 521; *Matter of Morton*, 7 Misc. Rep. 343;
*Miller* v. *Morton*, 89 Hun, 574; *Matter of Mullon*, 145
N. Y. 98; *Titus* v. *Poole*, 145 N. Y. 414.) The finding of
the referee that the executrix is not liable to account to the
respondent for the collateral of the value of $10,182.35 held
by the Mechanics' Bank to secure a loan to Robinson Gill of
$15,500 should be sustained. (*Cole* v. *Malcolm*, 66 N. Y.
363; *Arnold* v. *Green*, 116 N. Y. 566; *Pease* v. *Egan*, 131
N. Y. 262; *Koehler* v. *Hughes*, 148 N. Y. 507; Sheldon on
Subrogation, §§ 1, 3, 14; 3 Pom. Eq. Juris. § 1211; Jones on
Mort. § 874; *Gans* v. *Thieme*, 93 N. Y. 225; *N. Y. Uni-
versity* v. *Am. Book Co.*, 197 N. Y. 294; *Schreyer* v. *Saun-
ders*, 39 App. Div. 8.) The taxes which were a lien at the
time of the death of Robinson Gill on the lands devised are a
proper charge against the personal estate. (*Matter of Bab-*

*cock*, 115 N. Y. 450; Code Civ. Pro. § 2719, subd. 2; *Matter of Hoffman*, 42 Misc. Rep. 90.)

*William E. Warland* for respondent. The executrix had proper notice of this claim. (*Matter of Gill*, 183 N. Y. 347; *Matter of Lauby*, 42 Misc. Rep. 457; *Matter of Gall*, 182 N. Y. 270; *Matter of Killian*, 172 N. Y. 547.) Mrs. Gill is not entitled to be subrogated to the rights of the Mechanics' Bank. (*Pease* v. *Egan*, 131 N. Y. 262; *Matter of O'Brien*, 39 App. Div. 321; *Schreyer* v. *Saunders*, 39 App. Div. 8; *Hogan* v. *Kavanaugh*, 138 N. Y. 417; *Pulitzer* v. *Nat. L. Assn.*, 24 Misc. Rep. 18; *Smith* v. *Cornell*, 21 J. & S. 499; *Russell* v. *Pistor*, 7 N. Y. 171; *Mickles* v. *Townsend*, 18 N. Y. 575; *Monroe* v. *Cruse*, 59 Hun, 248; *Dean* v. *Rounds*, 18 R. I. 436.) The executrix is estopped from disputing petitioner's claim. (*Matter of Gill*, 183 N. Y. 347; *De Kohly* v. *Murrell*, 110 N. Y. Supp. 398; *Chester* v. *B. C. Co.*, 183 N. Y. 425; *Wright* v. *Wright*, 72 N. Y. 149.)

CULLEN, Ch. J. We concur in the ruling of the courts below that the failure of the respondent to present his claim in answer to the advertisement published in pursuance of the provisions of the statute, did not relieve the executrix from liability to him, even though she had distributed the whole estate    The protection afforded by the statute is only where the executor or administrator distributes in good faith.    Here unquestionably she had knowledge of the respondent's claim, for she stated its existence in her account filed in proceedings taken against her by other creditors, and the distribution among those creditors was made on the basis of the existence of the respondent's claim.    If she desired to avoid any liability to the respondent, she could have cited him to appear on the accounting made by her.    In two other respects, however, the courts below were in error.

Under the will the appellant was not only executrix, but sole legatee and devisee.    At the death of the testator there were outstanding unpaid taxes on his real estate.    These were paid by the executrix, but the surrogate has refused to allow

her credit therefor, on the theory that the taxes being liens on her real estate, she was obliged to pay them herself and could not use the personal estate of the testator for that purpose. This theory is opposed to the express command of the statute and the decisions of this court. Section 2719 of the Code of Civil Procedure, which is a reproduction of the Revised Statutes, enacts that taxes assessed upon the property of a deceased previous to his death shall be paid next in order to debts due the United States and before all other debts. It has been repeatedly held that the devisee of real estate is entitled to have such taxes paid out of the personalty and his land relieved from the burden. (*Seabury* v. *Bowen*, 3 Bradf. 207; *Griswold* v. *Griswold*, 4 id. 216; *Bates* v. *Underhill*, 3 Redf. 372; *Hone* v. *Lockman*, 4 id. 64; *Matter of Noyes*, 3 Dem. 369.) Some of these authorities are cited with approval in *Smith* v. *Cornell* (111 N. Y. 554), a case, I think, decisive of this question. In that case certain real estate passed to the plaintiff as heir at law of the deceased — a trust created by the testator's will having been held invalid. Thereupon the widow brought an action to recover her dower and in that action a sale was ordered, at which the plaintiff was the purchaser. The conveyance made by the referee was in express terms subject to unpaid taxes. The action was brought to compel the executor to pay out of the personal estate of the deceased the taxes on this real estate. The plaintiff recovered in the trial court, but her judgment was reversed at the General Term on the theory that by purchasing the property subject to the lien of the taxes, such purchase operated to release the executor from the obligation of paying them. This court reversed the judgment of the General Term, holding that theory untenable. Judge GRAY there said: " By the provisions of the Revised Statutes of this state, the obligation is imposed upon executors and administrators, next after debts entitled to a preference under the laws of the United States, to pay ' taxes assessed upon the estate of the deceased previous to his death.' * * * This preference is commanded by the statute, and in obedience to the command, the

executor or administrator must apply the personal property of the estate as directed." (p. 557.) The same principle was decided in *Matter of Babcock* (115 N. Y. 450). It is true that the litigation was between the life tenant and remainderman, but of the ground on which it was decided that relation was no factor. It was said by Chief Judge RUGER: "We are also of the opinion that the statute prescribing the order of payment of debts of a deceased person by his personal representatives is conclusive upon the question presented by this case. It is thereby provided that 'every executor and administrator shall proceed with diligence to pay the debts of the deceased, and shall pay the same according to the following order of classes : * * * This statute furnishes the rule by which personal representatives must be governed in ascertaining and paying the debts of the deceased." (p. 456.) Nor is it necessary to inquire whether in Brooklyn at the time of the imposition of these taxes they constituted a personal charge against the testator or not. Throughout all the state, in the case of a tax against the lands of a non-resident, no personal charge is created against any person, but simply a lien on the land. The command of the statute, however, is imperative, and executors and administrators must pay out of the personalty all taxes on the property of the deceased. Therefore the liability of the appellant as devisee of the real estate was not primary, but only secondary.

The Mechanics' Bank held a note of the deceased for the sum of $15,500, as security for which it held collateral. The appellant paid this note out of her own funds and obtained the collateral, the value of which was only $10,000. The decree of the surrogate not only refused to allow her credit for any payment to the bank in excess of its *pro rata* dividend on the claim, which would amount to about 27 per cent, but held her accountable for the securities which she obtained from the bank on payment of its claim, amounting to somewhat over $10,000. This result has been reached on the theory that if the personal estate proved inadequate to satisfy the debts of the deceased they would become a charge

on the real estate of which she was devisee.   It is elementary law that for any money advanced by an executor or administrator of an estate he is entitled to reimbursement out of the estate.   " But if the executor redeem with his own money the goods pledged by the testator, he shall be indemnified in respect to the sum he has disbursed out of the effects of the testator, or, if necessary, by the sale of the chattel itself ; and in that case the surplus over and above such indemnity shall be assets.   In case he have no fund as executor, and he advance the money out of his own purse for the redemption, and it be fully equivalent to the value of the chattel, the property is altered by such payment, and shall be vested in the executor as a purchaser in his own right.   *   *   *   But in equity the excess in the value of the thing beyond the money paid for the redemption shall be regarded as assets in the hands of the executor."   (3 Williams on Executors [7th ed. — 6th Am.], bottom paging 1661.   See, also, Perry on Trusts, § 485.)   Of course the appellant was not justified in paying out of an insolvent estate over $15,000 to redeem property worth $10,000, and the creditors may repudiate that transaction, but in such case equally of course they cannot claim the benefit of the transaction and insist that she shall account for the property she recovered for the estate solely by virtue of the transaction they repudiate.

The fundamental error on which the decree in this case is based is that the primary obligation to discharge the taxes and debts rested on the appellant as an individual, because she might ultimately be charged with the value of the real estate she acquired from the testator.   The reverse is the law.   The personal estate of the deceased was the primary fund for the discharge of these obligations, and the real estate which the appellant obtained as devisee, only the secondary.   As devisee, in any case she would become liable for the debts only to the extent of the value of the lands devised to her.   (Code Civ. Pro. §§ 1843, 1854.)   She insists that she has actually received nothing by their sale.   The respondent creditor maintains to the contrary.   But that issue cannot be litigated in this pro-

ceeding. The surrogate has made no finding on the question, and rightly so, for he has no jurisdiction of the issue. An action may be maintained by a creditor in a court of law against the heirs or devisees under sections 1837 to 1860 of the Code. Such an action has already been instituted by the creditors, and there the issue mentioned will be tried and determined. It is at least possible that the appellant may be right in her claim that she has realized nothing from the real estate devised to her. What, then, will be her condition under this decree? She will have been compelled to make payments on behalf of her testator for which she is liable neither in law nor in morals. The appellant, while accepting the devise, might have declined to act as executrix, and when an administrator with the will annexed had been appointed insist that he administer the estate in accordance with the rules of law. As executrix, which is the only character in which she is subject to the Surrogate's Court in this proceeding, she is entitled to exactly the same rights as any other executor or administrator.

As appears by the surrogate's decree the whole personal estate which came to the appellant on her testator's death amounted in value to the sum of only $1,603, besides the collateral pledged to the Mechanics' Bank for half as much again as it was worth, and yet out of this $1,603, the appellant, having already paid $1,200 in taxes and dividends on other debts of the deceased, is now required to pay some $4,000, with interest, amounting to $5,600. The appellant should not be credited with the payment to the Mechanics' Bank to a greater amount than a *pro rata* dividend on the excess of that claim over the value of the collateral, but she should not be charged with the value of the collateral.

The order of the Appellate Division and decree of the surrogate should be reversed, without costs, and the proceedings remitted to the Surrogate's Court for a readjustment of the appellant's account in accordance with this opinion.

Gray, Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Ordered accordingly.