In the Matter of the Application of Charles A. White, Administrator, for an Order to Sell the Real Property of Alfred C. Ueck, Deceased.

Elizabeth Staebell, Appellant; County of Erie and City of Buffalo and Others, Respondents.

Fourth Department, September 25, 1940.

*John F. Lane*, for Charles A. White, administrator.

*Louis W. Manchester*, for Elizabeth Staebell, contestant-appellant.

*Gordon Gannon*, for Catherine Butz, contestant.

*Paul J. Batt* [*Genevieve Goergen* of counsel], for the County of Erie, respondent.

*David Diamond* [*Howard H. Holmberg* of counsel], for the City of Buffalo, respondent.

*Bartholomew & Bartholomew*, for Josephine M. Brown.

*Kenefick, Cooke, Mitchell, Bass & Letchworth*, for Fred W. Deming, as executor of estate of George W. Dake, deceased, respondent.

*William J. Brock*, for Perry Justin Dake, as executor of estate of George W. Dake, deceased, respondent.

McCURN, J. Prior to his death in 1936, Alfred C. Ueck owned several parcels of real estate in Erie county, most of them situated within the city of Buffalo. Each parcel was incumbered by delinquent taxes and each was sold at public auction, pursuant to statutory authority. Several parcels were bid in by the city of Buffalo, in the absence of other purchasers, and at other sales the county of Erie was deemed the purchaser by operation of law. Neither the city nor the county has as yet perfected any of its tax titles by terminating the right of redemption.

The public administrator of Erie county, acting for the estate of Alfred Ueck, has now petitioned for advice as to priority of payment of debts. Creditors of the estate claim that in each instance the purchase by the city or county was, in effect, a collection of the tax so that no further right exists in either political subdivision to receive the statutory priority of payment. We are thus called upon to determine whether or not the taxes, assessed against real property of the decedent prior to his death, remain "taxes" within the meaning of subdivision 2 of section 212 of the Surro-

gate's Court Act, after a tax sale of the real property at which a city or county is the purchaser, where a tax certificate has been issued but the right of redemption has not been terminated. The court below has decided that a sale could not be an extinguishment of the delinquent taxes until consummated by (1) payment, (2) merger in a tax deed following notice to redeem, or (3) foreclosure.

Ordinarily a landowner may be held personally liable for taxes assessed on his land. (Tax Law, § 71.) Upon his death his personal estate may be liable for such taxes assessed prior to his death (Surr. Ct. Act, § 212, subd. 2; *Matter of Gill*, 199 N. Y. 155), except as such liability may now be modified by section 250 of the Real Property Law as amended in 1937. (*Matter of Pinkney*, 170 Misc. 645; affd., 257 App. Div. 862.)

The Charter of the City of Buffalo ■ contains special provisions relating to tax assessments and collections. The collection of an assessment may be enforced by sale at public auction on published notice, the city being required to bid in the property where there are no other purchasers. (§§ 610–612.) A record of all sales is made in the " transcript of unpaid taxes for the fiscal year." The city pays for its purchase by a charge of the amount of its bid to the tax loan fund, also receiving a certificate of sale. (§ 614.) The effect of such a certificate is prescribed as follows: " § 616. Effect of certificate of sale. The purchaser, including the city, his legal representatives or his or its assigns, upon receiving such certificate of sale by virtue thereof and of this act, may lawfully hold and enjoy for his, its and their own proper use and benefit, the real estate described in such certificate, unless the same is redeemed as hereinafter provided."

The former owner may at any time within one year from the date of the sale redeem the premises by paying the amount of the tax and the amount of the additional expenses. (§ 618.) After the expiration of the one-year redemption period the certificate holder, in order to perfect his title, must give three months' notice to redeem. (§ 619.)

If the real estate so sold is not redeemed the city will execute a conveyance to the certificate holder " which conveyance shall vest in the grantee an absolute estate in fee, subject to all claims which the city may have thereon for tax or other liens or encumbrances." (§ 623.) Other than through conveyance, actual possession may be obtained through ejection or by foreclosure of the tax lien. (§§ 617, 640.)

The Erie county statute is chapter 135 of the Laws of 1884, as amended, and the provisions are in most respects similar to those found in the City Charter. The Tax Law of New York applies where it is not in conflict with the special act. Section 15 of the Erie county statute provides that if there are no bids at a tax sale, the county of Erie shall be deemed the purchaser. The time of redemption (§ 20) is two years, provided, however, that the certificate holder must give a notice to redeem before his title may be perfected (§ 21). Upon completion of a conveyance the county or any other purchaser is entitled to possession. Otherwise, title may be perfected by foreclosure.

The scheme under either statute is obvious — the enforcement of collection through seizure of the property. This seizure ripens into direct ownership only on the completion of the last step, which may be conveyance, foreclosure or ejectment. If a purchaser bids for the property, the city or county receives the amount of the tax in direct payment. If there is no purchaser, the city or county becomes the purchaser only as a means of self protection.

Having bid in the property, does the city or county thereby extinguish the tax? The appellant argues that it does, relying on a literal interpretation of certain phrases in the statute. Section 610 of the Buffalo Charter, for instance, speaks of a " collection enforced by sale." The certificate, according to section 614, shall describe the " real estate purchased." There are many similar statements, seeming to indicate that the sale is a present grant, based on an election of remedies.

The scheme, as a whole, however, negates such a contention. When the city bids in the property no tax has been paid. Rather, the city has started a series of acts to enforce collection which do not culminate in extinguishing the tax until some final step is taken. Prior to that step, the taxpayer can redeem. " The certificate is simply a written acknowledgment or proof that the sale itself has taken place." (*People ex rel. Morgenthau* v. *Cady*, 105 N. Y. 299, 305.) The assessment of taxes continues against the original owner. (*Armstrong* v. *County of Nassau*, 101 App. Div. 116.) Under a former charter of the city of Buffalo it was said to be clear " that the tax or assessment is not discharged by the sale and certificate." (*Williams* v. *Townsend*, 31 N. Y. 412, 413.) Corpus Juris gives the rule as follows: " Where the county takes certificates of sale under a purchase as required by statute of all lands which have been offered for sale and not purchased and paid for by individuals, it is not to be regarded as a collection of the tax." (61 C. J. 1230, § 1671, citing *Town of Iron River* v, *Bayfield County*, 106 Wis. 587; 82 N. W. 559.)

Under similar statutes an executor has been compelled to redeem property at the instance of an heir at law, notwithstanding the fact that the property had been sold after the death of the testator for taxes assessed prior to his death, since " this preference is commanded by the statute, and in obedience to the command the executor or administrator must apply the personal property of the estate as directed." (*Smith* v. *Cornell*, 111 N. Y. 554, 557.) Although compulsory redemption may be a hardship on creditors of the estate, it must be remembered that purchase of the property by a governmental unit is a mandatory act, an act which may or may not yield a return commensurate with the assessed owner's duty to share the cost of government. The law does not require the forfeiture of the property *and* the money due; rather, it insists that until title is perfected in the government the delinquent owner shall redeem his property by fulfilling his personal obligation. That obligation becomes the stronger when it rests in the hands of an executor or administrator since the preferential payment of the taxes then becomes mandatory.

We reach the conclusion, therefore, that none of the tax sales in the present case resulted in payment of the tax and will not so result until payment is actual or until the tax is merged in ownership of the fee. Under the present statutes, the tax continues as a debt of the property owner against which the city or county has secured itself by seizing an inchoate interest in the property. Since the debt continues, it is a tax within the meaning of subdivision 2 of section 212 of the Surrogate's Court Act and hence must be paid by the administrator in preference to the other specified creditors.

The decree so far as appealed from should be affirmed, without costs of this appeal to any party.

All concur, except HARRIS, J., who dissents and votes for reversal in an opinion. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

HARRIS, J. (dissenting). My dissent from the majority opinion of the court is based on the following:

The statutes provide two methods of collecting the taxes in question: (1) Under section 71 of the Tax Law; (2) the method set forth in the provisions of the Buffalo City Charter (§§ 610 to 640) and of the Erie county statute (Laws of 1884, chap. 135, as amd.). The city and the county have made use, at least in part, of the second mentioned method and by the sale of the premises for taxes as made under the provisions of the Erie county statute and of the City Charter have materially changed the status of the owner of the property burdened with the taxes in that charges and

extra penalties are to be paid before the properties can be redeemed. This binds the city and the county to the remedy that they used. The decree of the Surrogate's Court from which appeal has come to this court provides that the " administrator pay to the City of Buffalo and the County of Erie the amounts paid by them, and each of them, respectively, for the * * * certificates of sale * * * with interest * * * at the rate of twelve per cent per annum and all additional expenses." In effect, this is an absolute direction to the administrator to redeem the certificates of tax sale. The provisions of the City Charter and of the Erie county law, after the sale of the tax certificate, give to the owner of the property permission or option to redeem the same before the certificate of tax sale merges into title to the property. The owner of the property, if he had been alive, could not have been compelled to make such redemption so it cannot be that his personal representative is under such compulsion. It may be said that the administrator could be compelled under section 71 of the Tax Law to pay the amount of the taxes even though he did not redeem, but if this were so, then the taxing body would have both payment of the tax and a certificate of tax sale which certificate is worth the full value of the tax and which certificate could ripen into title. Such a result would be violative of property rights of the owner in that it would result in a double payment of taxes.

The decree of the court below should be reversed in so far as the fourth and fifth ordering paragraphs are concerned and a new decree based on such reversal should be granted by this court.

Decree so far as appealed from affirmed, without costs of this appeal to any party.