CITY OF BEACON, Plaintiff, v. ASHER BERNSTEIN REALTY CORP.,
Defendant.

Supreme Court, Trial Term, Dutchess County, June 11, 1945.

*Vincent D. Stearns* for plaintiff.

*Milton Epstein* for defendant.

SNEED, J. Cross motions for summary judgment. The action is brought under section 118 of the Charter of the City of Beacon (L. 1913, ch. 539, as amd. by L. 1915, ch. 547) to recover taxes assessed by plaintiff against three parcels of real estate owned by defendant within plaintiff's corporate limits. The taxes so sought to be recovered were assessed against the real property in the years 1938 to 1943, inclusive.

The case is submitted upon an agreed statement of fact stating, among other things: that at all times mentioned in pleadings defendant was the owner and record title holder of the three parcels of property; that on October 28, 1943, the plaintiff sold the three parcels for unpaid taxes for the years 1935, 1936 and 1937 and at such sale the properties were bid in by the plaintiff and tax sale certificates thereupon issued to plaintiff and that such tax sale " in all things was legal and proper "; that the taxes assessed for the years 1938 to 1943 were not advertised, and amount in the aggregate to $7,617.89; and that the said three parcels of property have not been advertised for sale for the collection thereof.

Defendant, citing *Matter of Ueck* (286 N. Y. 1) claims that the tax sale by plaintiff to itself in 1943 discharged and satisfied all taxes to that date; and that there is no money due plaintiff. Defendant contends that section 121 of the Beacon City Charter providing for advertisement of tax sales with a notice that each parcel will, on a day " to be specified in said notice, be sold at public auction at the city offices, to discharge the tax, penalty and interest and expenses as aforesaid, which shall be due thereon at the time of sale ", must be construed to mean that at any such sale all taxes against the property then due, whether or not included in the advertised amounts due and unpaid, are discharged. Clearly this construction is untenable. Plainly the section means that the property is to be sold to discharge the specified unpaid tax advertised with the interest and expenses which shall be computed to the time of sale.

" It is the policy of the law to insure the collection of all taxes, and whenever it is possible on any theory to do so the courts will construe the statutes to accomplish that result." (*County of Nassau* v. *Lincer*, 254 App. Div. 760, affd. 280 N. Y. 662; *City of Rochester* v. *Bonded Municipal Corp.*, 256 App.

Div. 462; *Pickell* v. *City of Utica,* 161 App. Div. 1, affd. 216 N. Y. 740.)

The case of *Matter of Ueck* (286 N. Y. 1, *supra*) is not controlling. The question determined in that case was the priority of claims for tax liens over other claims against the estate. In that case the decedent's property had been sold each year for all the taxes assessed for each year from 1926 to 1937, the last sale being after his death. Upon each sale the assessing municipality had purchased the property and taken tax sale certificates to itself. The Surrogate had held below that, " despite the sale of the properties for non-payment of taxes and the delivery of tax sale certificates therefor, there had been no payment or discharge of the taxes when the sales were to the city of Buffalo or the county of Erie, although there was such payment and discharge when the sales were to individuals or private corporations, since then the municipalities had been ' paid in full.' " (286 N. Y. 1, 6, *supra*.) This holding the Appellate Division had affirmed (260 App. Div. 369) and the Court of Appeals reversed, holding that under the provisions of the Charter of the City of Buffalo (Local Law No. 4, 1927 [published in Local Laws, 1932, p. 21]) and the Tax Law of the county of Erie (L. 1884, ch. 135, as amd.) " that when the decedent's real estate was sold and bid in by the city of Buffalo or the county of Erie for non-payment of taxes, there was payment and discharge of such taxes * * *." (286 N. Y. 1, 17–18, *supra*.) The majority opinion, quoting *McFarlane* v. *City of Brooklyn* (122 N. Y. 585, 590) states (p. 19) : " * * * it must be borne in mind that ' the rights of all parties connected with the purchase and sale of property to raise the taxes imposed upon it, are created and defined by statute.' "

In the instant case there has been no sale for the collection of taxes for the years 1938 to 1943 for which judgment is herein sought by plaintiff.

Section 118 of the Charter of the City of Beacon provides that where a tax is past due and unpaid " the same may be collected by action in the name of the city * * * unless the property taxed or assessed is advertised for sale as hereafter by law or ordinance provided; * * *."

Section 119 provides that every tax " shall be a lien upon such real estate from the time of the first publication of the notice for collection of the same until paid."

Section 121 provides for sale of real property " at public auction at the city offices, to discharge the tax, penalty and

interest and expenses as aforesaid, which shall be due thereon at the time of a sale ''; and in the event there be no bid sufficient to cover the amount due '' the city is hereby authorized to acquire said parcel or parcels ''; and further directs issuance of duplicate certificates of sale: '' One of said duplicate certificates shall be delivered to the said purchaser, or in the event that the parcel was struck off to the city, then it shall be retained · by the commissioner of accounts '', the other duplicate certificate to be filed and recorded in the Dutchess County Clerk's Office.

Section 123 authorizes the owner to redeem the property from the sale at any time within two years of the sale by paying the amount mentioned in the certificate with interest at 12% per annum '' together with any tax, assessment or water rates upon said parcel * * * that the said purchaser * * * shall have paid between the days of the sale and such redemption, with interest at the rate of twelve per centum per annum upon such tax, assessment or water rate from the time of payment.''

Section 124 provides for publication of notice of redemption, three months before the expiration of the time for final redemption.

Section 125 directs that, if the property is not redeemed, the mayor or commissioner of accounts '' shall execute and deliver to the purchaser, his heirs or assigns, or to the city, or its assigns, or to the lienor finally redeeming, as the case may be, a conveyance of the real estate so sold, which conveyance shall vest in the grantee an estate in fee, subject only to the liens, if any, of unpaid taxes, assessments or water rates thereon.''

Section 126 provides: '' The grantee or his assigns, or the city or its assigns, as the case may be, shall be entitled to have and possess the granted lands from and after the execution of such conveyance, * * *.''

Section 127 provides: '' After the city shall have acquired the title to any lands sold for taxes, such lands shall be exempt while owned by the city from all taxes.''

It is clear that this statute did not and was not intended to vest title to the property in the city upon its becoming the purchaser at its tax sale and receiving the tax sale certificate. The delinquent taxpayer still had the right to redeem at any time within two years thereafter.

Under this charter the taxes for each year are a lien upon the land assessed continuing until paid. The sale of property for

the taxes of any year does not constitute a discharge of taxes for any other year. Title vests in the purchaser at a tax sale only when the tax deed is delivered after termination of the redemption period. If· the city be the purchaser at tax sale, it is only when the title is so vested in the city and so remains that the lands shall be exempt from taxation.

The regularity of the tax sale in 1943 for the taxes levied in 1935 to 1937 is not before the court as the agreed facts stipulate that that sale " in all things was legal and proper ".

The sale for unpaid taxes is merely a mode of enforcement of payment of the tax. The purchaser does not acquire title until his inchoate right is consummated by the delivery of the tax deed after the owner's right of redemption has terminated. (*People ex rel. Oakley* v. *Bleckwenn,* 126 N. Y. 310.)

The defendant owner could not within his period of redemption secure a good title to this property by redemption until he had paid all taxes thereon. (*City of Rochester* v. *Kapell,* 86 App. Div. 224; *Pickell* v. *City of Utica,* 161 App. Div. 1, affd. 216 N. Y. 740, *supra.*)

The action is brought to collect taxes which became a lien subsequent to those taxes for which the sale was had and tax sale certificates issued. The charter authorizes such an action and the affirmative defenses alleged in the answer do not constitute valid defenses to the cause of action. The denials in the answer are disposed of by' the agreed statement of facts.

Plaintiff's motion is granted, and judgment shall be entered in favor of the plaintiff for the relief prayed for in the complaint.